**James Henry KENT, Plaintiff,**

**v.**

**Arthur T. PROSSE,\* Commissioner of Corrections of Pennsylvania, James F. Maroney, Superintendent, Pennsylvania State Correctional Institution at Pittsburgh, John R. Clogan, Tag Shop Supervisor, David G. Williams, Assistant Tag Shop Supervisor, and Walter K. Eroline, Supervisor, Defendants.**

**Civ. A. No. 66–1455.**

United States District Court
W. D. Pennsylvania.

March 9, 1967.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The plaintiff, a prisoner at the Pennsylvania State Correctional Institution at Pittsburgh, Pennsylvania, brings this

---

\* The correct surname of the defendant is Prasse.

personal injury action against the Commissioner of Corrections of Pennsylvania, the Superintendent of the State Correctional Institution, the Supervisor of the Metal and Tag Shops, the Assistant Supervisor of the Metal and Tag Shops, and the Tag Shop Supervisor.

He asserts jurisdiction under § 1983, 42 U.S.C., the Civil Rights Act, § 1343, 28 U.S.C., and the Fourteenth Amendment § 1.[1]

The allegations of the complaint disclose that plaintiff while performing compulsory prison work on a grossly defective machine suffered the amputation of four fingers on his right hand "due to the erratic operation" of the machine. Further, that by reason of this permanent disability, he "has been deprived of his health and enjoyment of life without just compensation, and without due process of law, in violation of the Fourteenth Amendment, par. 1 [sic] of the Constitution of the United States, by the misfeasance and malfeasance of defendants."

The defendants moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a cause of action upon which relief can be granted, "in that there is no alleged violation of the plaintiff's civil rights or any other right."

In our opinion, the motion should be granted for failure to state a claim upon which relief can be granted (Rule 12(b)(6), Fed.R.Civ.P.) under the statutes and the Fourteenth Amendment which plaintiff invoked.

Plaintiff's brief correctly states:

"The [Civil Rights] Act prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States."

We think the defendants must concede the presence of the first element, but the court is unable to perceive the presence of the second.

■ No case exactly in point has been called to our attention, nor have we found one. Compulsory prison work does not impose involuntary servitude in violation of the Thirteenth Amendment of the Constitution of the United States. Draper v. Rhay, 315 F.2d 193 (9th Cir. 1963).

■ An unintentional common law tort does not deprive an injured person, be he prisoner or not, of any constitutional rights secured or guaranteed by the Fourteenth Amendment or the laws of the United States.

Counsel for the plaintiff orally argued that the "right" of which plaintiff was deprived was his "right not to be injured",—his "right to be secure in his person". All persons in the country enjoy that right and may bring common law actions in the state courts, and, where there is diversity of citizenship, in the federal courts to recover damages for the unintentional invasion thereof; but nowhere have we found authority for the proposition that such right is a constitutional right, or is guaranteed by a law of the United States. Deprivation of civil rights is not aimed at common law negligence, but at deprivation of rights secured by the Fourteenth Amendment, usually the denial of citizen rights by official misapplication or perversion of laws establishing procedural safeguards in the nature of due process.[2]

1. "Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), illegal search and seizure and physical mistreatment; Basista v. Weir, 340 F.2d 74 (3d Cir. 1965), unlawful arrest and detention and physical mistreatment incident thereto; Johnson v. Crumlish, 224 F.Supp. 22

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), brought § 1983 into the field of tort litigation. The constitutional rights there violated by police officers were freedom from illegal arrest, unreasonable search and seizure, and severe mistreatment while under arrest. In *Monroe* the actions of the police officers acting under color of state law deprived the citizen plaintiffs of rights secured to them by the Constitution and made applicable to the states by the Fourteenth Amendment.

Likewise, in Basista v. Weir, 340 F.2d 74 (3d Cir. 1965), relied on by plaintiff, the constitutional violations there alleged were unlawful arrest and detention, denial of bail, medical assistance and counsel by Pennsylvania police officers clothed with authority of state law.

In both *Monroe* and *Basista* the torts consisted of willful unconstitutional acts by officers under color of state law which deprived the plaintiff prisoners of federally protected rights.

█ We think state prison officials should not be held liable under § 1983 in a federal court except for unconstitutional conduct and actions in the performance of their official duties and where a clear showing is made of a violation of some federal constitutional right secured to a prisoner as distinguished from the unintentional invasion of the private right of the prisoner to be protected from physical harm.

Even in cases of intentional assaults inflicting injuries by state prison officials upon prisoners, it has been held that the latter could not maintain actions in federal District Courts under the Civil Rights Act. Cole v. Smith, 344 F.2d 721 (8th Cir. 1965); United States ex rel. Atterbury v. Ragen, 237 F.2d 953 (7th Cir. 1956).

In the light of the averments of the complaint, none of the plaintiff's constitutional rights have been invaded by the defendants,—no federal rights possessed by plaintiff were trespassed upon by the defendants acting under color of state law.

An appropriate order will be entered.

(E.D.Pa.1963), imprisonment without a hearing; Talley v. Stephens, 247 F.Supp. 683 (E.D.Ark.1965), United States ex rel. Hancock v. Pate, 223 F.Supp. 202 (N.D. Ill.1963), cruel and unusual punishment while in prison; Marland v. Heyse, 315 F.2d 312 (10th Cir. 1963), vexatious arrests without warrants issued and without charges; Rivers v. Royster, 360 F. 2d 592 (4th Cir. 1966), denial of equal protection of laws; Washington v. Official Court Stenographer, 251 F.Supp. 945 (E.D.Pa.1956), failure to provide a trial transcript after Court Order so directing.