Joseph **KAUFFMAN**, State Correctional Institution, Dallas, Pennsylvania, Appellant,

v.

Frank G. **JOHNSTON**, State Correctional Institution, Dallas, Pennsylvania.

No. 18734.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Nov. 19, 1971.

Decided Jan. 7, 1972.

---

Joseph Kauffman, pro se.

Herbert Monheit, Philadelphia, Pa. (J. Shane Creamer, Atty. Gen., by Larry Elliot Jones, Asst. Atty. Gen., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by Kauffman at our No. 18,734 from a judgment at Civil No. 69–73 in the District Court. Kauffman's complaint was filed March 4, 1969 and is based on R.S. Section 1979, "Civil action for deprivation of rights, 42 U.S.C. § 1983" and also on the First, Eighth and Fourteenth Amendments, and seeks injunctive relief and damages in the amount of $1,080,000. The complaint names Frank C. Johnston, Superintendent of the Pennsylvania State Correctional Institution at Dallas, Pennsylvania as defendant, states numerous claims, and is inartistically drawn and difficult to interpret. The District Court granted summary judgment in favor of Superintendent Johnston,[1] as in Civil No. 69–77 at our No. 18,735. The appeal at bar followed.

The complaint alleges among other things that Superintendent Johnston, acting in malice and misuse of his authority, deprived Kauffman of legal material, including law books, refusing to return this property to him, unlawfully and maliciously prohibited him from worshipping in accordance with Jewish religion and from observing Jewish religious holidays, prevented him from receiving proper mental and dental care, prohibited his transfer to a Pennsylvania correctional institution where such care could be made available to him, and deliberately refused to furnish or cause to be furnished proper and adequate drugs for the treatment of his illnesses.

Two suits were before the District Court and both are before us on appeal. An affidavit was filed by Superintendent Johnston which states, among other things, that he has attempted to secure the services of a Jewish Rabbi at Dallas, that Kauffman was an inmate of the institution at Dallas but was transferred to the State Correctional Institution at Philadelphia for remedial medical and dental work, and that the inmates of the Pennsylvania correctional institutions are not allowed to keep books and papers in their cells because of possible fire hazards. It is interesting to note, according to the affidavit, that the Jewish Welfare Board at Wilkes-Barre provided services and Kosher food for inmates at Dallas, some 15 or 20 miles from

---

1. The District Court filed a memorandum opinion not reported for publication.

Wilkes-Barre, and "[T]his was done as a privilege and not as a right given to the inmates." Paragraph 8 of the affidavit states: "Plaintiffs [*sic*] have suffered no damage because of this."[2]

■ The record is chaotic. The Assistant Attorney General, counsel for Superintendent Johnston, points to the decision in Kent v. Prasse, 265 F.Supp. 673, 674 (W.D.Pa.1967), aff'd 385 F.2d 406 (3rd Cir. 1967), stating that "unintentional common law" torts cannot be the basis of a civil rights action but the allegations of the complaint state that Superintendent Johnston acted unlawfully and with malice. *Kent* and the decisions like it are not apposite to the situation at bar. We conclude that Kauffman has stated a cause of action cognizable under the Civil Rights Act referred to hereinbefore.[3] There are indeed unresolved and disputed questions of fact.[4]

■ The case is not moot. "Mootness" exists when a cause of action no longer exists. If Kauffman incurred damages because of Superintendent Johnston's failure to afford him proper medical treatment or denied him his religious rights, he may be entitled to damages. We cannot take the statement in the Johnston affidavit that Kauffman incurred no damages as conclusive.[5] Finally the Assistant Attorney General, as well as Kauffman, seems to take the position that the statements contained in their briefs in this court are to be taken as part of the record, apparently to supplement the insufficiency of the record below. This court has repeatedly stated that statements made by counsel in briefs (or in open court) are not part of the record and will not be treated as such in this court unless stipulated to or are matters of public record.[6]

The judgment will be vacated and the case remanded with directions to the District Court to adduce an adequate record and to make findings of fact and conclusions of law as may be required.

2. We assume the sentence quoted refers to the alleged deprivation of Kauffman's religious rights.

3. Cf. Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970), and United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969).
   See our decision in United States ex rel. Burwell L. Jones v. Alfred T. Rundle, 453 F.2d 147, 1971.

4. The Assistant Attorney General has filed one brief in both cases, apparently failing to grasp the fact that one action is moot and one is not. See our opinion in Kauffman v. Johnston, 454 F.2d 267 filed concurrently with this opinion.
   It is interesting to observe that the Assistant Attorney General asserts a unique philosophical religious concept when, noting that there were but few Jewish prisoners at Dallas, he stated:

"It could be that the extremely small number of Jewish inmates at Dallas means that more good can be done for the community as a whole by serving no prisoner Jews." See the brief of the Assistant Attorney General, p. 5. This is a concept to which we cannot subscribe.

5. In making this statement we do not denigrate the role of the affidavit in the disposition of summary judgment motions in accordance with Rule 56, Fed.R.Civ. Proc., 28 U.S.C. See 6 Moore's Federal Practice, ¶ 56.11 [3].

6. See United States v. Bowles, 331 F.2d 742, 746–750 (1964), and in particular note 11 cited to the text. See also, 334 F.2d 325. Cf. Berkowitz v. Philadelphia Chewing Gum Co., 303 F.2d 585 (3rd Cir. 1962), and Morgan v. Melchar, 442 F.2d 1082, 1085 (3rd Cir. 1971). See Rule 12(h) (3), Fed.R.Civ.Proc., 28 U.S.C.