Joseph KAUFFMAN, Jack Gittlemacker,
State Correctional Institution,
Dallas, Pennsylvania

v.

Frank C. JOHNSTON, Supt., State Correctional Institution, Dallas,
Pennsylvania,

Joseph Kauffman, Appellant.

No. 18735.

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Nov. 19, 1971.

Decided Jan. 7, 1972.

Joseph Kauffman, pro se.

Herbert Monheit, Philadelphia, Pa., for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

We deal now with the appeal of Kauffman at our No. 18,735, at No. 69–77 Civil in the District Court. The first paper filed by Kauffman and others is entitled "Petition for Three Judge Panel to Adjudicate Emergency Request for Temporary Injunction on Jewish Religious Dispute," pursuant to 28 U.S.C. § 2284. The case is not one for a Three-Judge court as the District Judge correctly found. Ex parte Poresky, 290 U. S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The Judge, however, treated Kauffman's petition as a complaint and refused to grant injunctive relief for an alleged violation of Kauffman's alleged constitutional religious rights while he was a detainee in the Pennsylvania State Correctional Institution at Dallas.

The Trial Court, however, found that the case had been rendered moot, and stated: "Upon consideration of the merits of this case, it is my opinion that the matters complained of by plaintiffs have been made moot by the successful efforts of the Attorney General and Superintendent Johnston to obtain Jewish services, books and a Rabbi for the 1969 Passover Holiday at the Dallas Institution and their efforts to obtain such services for the future. For this reason, the defendant's motion for summary judgment will be granted." The con-

tents of the quoted language constitute an insufficient answer to the grievances alleged in the complaint, even if the substance of the quoted language were part of the record, which it is not.[1]

 It follows that the case is not moot for the reason asserted by the Attorney General on behalf of Superintendent Johnston but it is moot for an adequate reason. The prayer of the complaint was for the District Court "[T]o issue an immediate temporary injunction and/or a restraining order preventing Frank C. Johnston from interfering with the ordering of kosher food . . .". The order for kosher food was directed to the celebration of Jewish holidays now long passed, particularly the then oncoming "Passover" of 1969. It follows, therefore, that such injunctive relief would be impossible at this time and that the cause is moot.

Accordingly, the judgment will be affirmed.

---

1. See note 5 cited to the text of the Per Curiam Opinion in Kauffman v. Johnston, 454 F.2d 264, filed contemporaneously with this opinion.