**In the Matter of the CENTRAL RAILROAD COMPANY OF NEW JERSEY, Debtor.**

**Appeal of UNITED STATES of America.**

**No. 74–2202.**

United States Court of Appeals, Third Circuit.

Argued May 1, 1975.

Decided May 9, 1975.

William F. Hyland, Atty. Gen. of New Jersey, Trenton, N. J., for amicus curiae, State of New Jersey (Stephen Skillman, Asst. Atty. Gen., of counsel, Martin E. Robins & Kenneth S. Levy, Deputy Attys. Gen., on the brief).

Carla A. Hills, Asst. Atty. Gen., Jonathan L. Goldstein, U. S. Atty., William G. Kanter, David J. Anderson, and James F. Dausch, Attys., U. S. Dept. of Justice, Washington, D. C., for appellant.

Stanley Weiss, Newark, N. J., for appellee, R. D. Timpany, Trustee in Reorganization (Dean R. May, on the brief, Richard B. Wachenfeld, Newark, N. J., of counsel).

Raymond J. Lamb, Lamb, Hutchinson, Chappell, Ryan & Hartung, Jersey City, N. J., for appellees, Baltimore & Ohio Railroad Co. and The Chesapeake & Ohio Railway Co.

Before FORMAN, VAN DUSEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges Order No. 705, issued on October 25, 1974, by the Central Railroad Company of New Jersey (CNJ) Reorganization Court. Order No. 705 denied an application of the United

States of America for an order restraining the CNJ trustee from paying certain interline balances during October and November 1974, as well as at any later time, unless the court, upon a showing by the trustee that making such payments would not jeopardize the continuation of CNJ's rail service, should approve the payments.[1] The interline balances whose payment the Government sought to restrain were owed by CNJ to the Chesapeake & Ohio Railway Co. (C & O) and the Baltimore & Ohio Railroad Co. (B & O).[2] The district court had previously, on September 9, 1974, entered its Order No. 701, requiring the trustee to repay C & O and B & O deferred interline balances totaling approximately $4,375,000.00 and to file within 30 days "a reasonable installment schedule" for paying such balances.[3]

During oral argument of this appeal, the parties informed the court that (a) $250,000.00 has been paid by the trustee to B & O and C & O each month from October 1974 through April 1975 on account of the above sum of $4,375,-000.00, and (b) the district court will hear on May 12 a motion to restrain the payment of $250,000. on account of such balances in May 1975.

The parties apparently concede that mootness precludes this appeal from challenging the payment of the $1,750,-000.00 which has already been paid to B & O and C & O. *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Kauffman v. Johnston*, 454 F.2d 267 (3d Cir. 1972); *Woody v. Judge*, 435 F.2d 706 (3d Cir. 1970); *National Lawyers' Guild, University of Texas Chapter v. Regents of University of Texas System*, 490 F.2d 97 (5th Cir. 1974). However, we have concluded that the appeal is not moot insofar as it challenges the refusal of the court to enjoin

1. A petition by CNJ under Section 77 of the Bankruptcy Act, 11 U.S.C. § 205, was approved by the district court on March 22, 1967. By order of April 30, 1974 (Order No. 661), the Reorganization Court found, pursuant to the first sentence of Section 207(b) of the Regional Rail Reorganization Act (R.R.R.A.) of 1973, P.L. 93–236, 45 U.S.C. §§ 701, 719, that CNJ was not reorganizable on an income basis within a reasonable time under Section 77. On June 28, 1974, the Reorganization Court entered a Memorandum and Order in which it concluded, pursuant to Section 207(b) of the R.R.R.A., that the R.R.R.A. did not provide a process which would be fair and equitable to the CNJ estate. The court ordered that CNJ not be reorganized under the R.R.R.A. This order was reversed by the Special Court, R.R.R.A., on September 30, 1974, and the case was remanded to the district court for the entry of orders providing for reorganization under the R.R.R.A. *In re Penn Central Transportation Company*, 384 F.Supp. 895 (Sp.Ct., R.R.R.A., 1974). However, the Special Court stayed the effectiveness of its order pending final determination by the Supreme Court of *Connecticut General Insurance Corp. v. United States*, and related cases, 383 F.Supp. 510 (E.D.Pa.1974), *rev'd sub nom. Regional Rail Reorganization Act Cases*, 43 U.S. L.W. 4031 (Nos. 74–165/8, U.S., Dec. 16, 1974). During the period of the stay, the Special Court ordered the reorganization courts not to dismiss their respective reorganization proceedings under Section 77 of the Bankruptcy Act. *In re Penn Central Transportation*

*Company, supra*, 384 F.Supp. at 958. CNJ is now a railroad in reorganization both under Section 77 of the Bankruptcy Act and under the R.R.R.A. *In re Penn Central Transportation Company*, 508 F.2d 270, 273 (3d Cir. 1975).

2. B & O and C & O had not demanded immediate payment of these balances, which accrued during 1967, 1969 and 1970. B & O and C & O had voluntarily deferred post-petition interline balance payments until May 16, 1974.

3. Order No. 701 was based on the holding of this court that interline balances are not debts, but trust funds which the collecting railroad holds for the benefit of interline carriers. See *In Matter of Penn Central Transportation Co., Debtor*, 486 F.2d 519 (3d Cir. 1973), *cert. denied sub nom., Chicago & North Western Transportation Co. et al. v. Baker et al.*, 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974).

This court has had before it numerous cases reflecting the precarious cash position of CNJ and its difficulty in getting adequate funding from the State of New Jersey to finance its passenger operations for the benefit of New Jersey citizens and businesses. See, for example, *Central R.R. Company of N. J. v. Manufacturers Hanover Trust Company*, 421 F.2d 604 (3d Cir. 1970); *In Matter of Central Railroad Company of New Jersey*, 455 F.2d 988 (3d Cir. 1972), 455 F.2d 989 (3d Cir. 1972), and 455 F.2d 990 (3d Cir. 1972); *In re Central R.R. Co. of N. J.*, 479 F.2d 424 (3d Cir. 1973); *In re Central R.R. Co. of N. J.*, 485 F.2d 208 (3d Cir. 1973) (en banc).

the trustee from continuing such monthly payments if they will jeopardize CNJ's continued rail operations.

■ Under the R.R.R.A., the reorganization proceeding must be designed to keep CNJ operational until the final railroad reorganization plan has been devised. See *In re Lehigh Valley Railroad Company*, 508 F.2d 332, 338–40 (3d Cir. 1975).

■ After careful consideration, we have concluded that Order No. 705 must be vacated insofar as it may preclude the United States or any other interested party from challenging future payments of these deferred interline balances upon a showing that such payments would jeopardize CNJ's continued operations. The district court should have provided that it would reconsider, upon an appropriate record, at regular intervals the propriety of CNJ's paying $250,000. per month in discharge of the above interline balances, and such reconsideration should take place at least quarterly.[4] At the time it reconsiders the monthly payments which can be made by the trustee, consistent with the obligation to continue operations of the railroad as part of the nation's national transportation system, the court should make findings of fact consistent with Rule 52 of the Federal Rules of Civil Procedure and give reasons for its action based on such findings, so that appellate review will be facilitated. The district court's failure to make such findings and to state its reasoning is among the causes for our vacating Order No. 705.

■ Factors that should be considered by the district court in determining the amount, if any, that should be paid on account of the interline balances still owing include these:

(A) projected income and expense estimates and cash flow for the month in which any payment is planned to be made and for future months, insofar as such estimates can be made;

(B) the effect ·which the proposed payments on account of the above-described interline balances will have on continued operation of CNJ in light of a plan of reorganization under the R.R.R.A.,[5] as well as on continued operation of B & O and C & O;

(C) the risk of CNJ's being placed on a prepay basis by B & O and C & O if it fails to pay these deferred balances and the hardship to CNJ of being placed on a prepay basis;

(D) the position taken by the Federal Railroad Administrator, the Secretary of Transportation,[6] and the State of New Jersey concerning the proposed payment, in view of their regular payments to CNJ;[7]

(E) whether payment of these deferred balances from funds paid to CNJ pursuant to Section 213 of the R.R.R.A. is consistent with the purposes of that section; and

(F) the extent to which the State of New Jersey is paying for the losses incurred in operating passenger service for the benefit of New Jersey residents and businesses.

---

4. Absent unusual circumstances, B & O and C & O, as trust beneficiaries, would be entitled to these deferred balances, so that the Government and other objectors to such payments would have the burden of going forward with evidence to show that payments should not be made.

5. The district court may also consider the effect of its orders on B & O and C & O. It seems clear that maintenance of a national transportation system will not be furthered by depriving other railroads which are part of such system of funds belonging to them to

such an extent that their continued profitable operation is threatened.

6. The Secretary of Transportation has delegated his authority under Section 213 of the R.R.R.A. to the Federal Railroad Administrator, subject to certain DOT internal control regulations. See 49 C.F.R. 1.49(g).

7. Agreement has been reached on a passenger contract between the State of New Jersey and CNJ through June 30, 1975. The Federal Administrator has agreed to make substantial payments to CNJ during this period.

For the reasons stated above, Order No. 705 will be vacated and the case will be remanded to the district court for further proceedings consistent with this opinion. The mandate shall issue forthwith.