**Albert WILLIS**

v.

**M. G. WHITE, Warden, East Baton Rouge Parish Prison, and Dr. Chester Williams, Physician, East Baton Rouge Parish Prison.**

**Misc. No. 1086.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

March 13, 1970.

Albert Willis, in pro. per.

Sargent Pitcher, Jr., Dist. Atty., Parish of East Baton Rouge, Baton Rouge, La., for respondents.

WEST, Chief Judge:

Petitioner, Albert Willis, applies to this Court for what he refers to as a writ of mandamus. His petition is based upon allegations that while confined to the East Baton Rouge Parish Prison, he did not receive the medical attention to which he thought he was entitled. He asked to be transferred from the jail to the Earl K. Long Charity Hospital in Baton Rouge, Louisiana, and his request was refused. He alleges that he had pains in his groin and that he was, on several occasions, treated by the Coroner, Dr. Chester Williams, who informed him that he had "a small case of syphilis." He was given medication by Dr. Williams, but he, petitioner,

thought that other treatment was required. After having been seen on numerous occasions by Dr. Williams, and while still receiving the medication prescribed by the doctor, petitioner continued to insist that he be transferred from the jail facilities to the hospital, which Dr. Williams apparently considered unnecessary. Following refusal by Dr. Williams to transfer petitioner to the hospital, petitioner continued to insist that he be given additional appointments to see Dr. Williams. Following a refusal by Dr. Williams to see the petitioner in connection with his request, petitioner filed this complaint for a "writ of mandamus" saying that his constitutional right to be free from "cruel and unusual punishment" had been violated.

Petitioner's claim is without merit.

■ First of all, Rule 81(b) of the Federal Rules of Civil Procedure abolishes the "writ of mandamus." However, even though the writ is abolished, the Court can give the same relief that would be called for by mandamus by using other methods provided by law. Rule 81(b) F.R.C.P.

■ While habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration, they may, however, bring an action under the Civil Rights Act. Granville v. Hunt, 411 F.2d 9 (CA 5–1969); Wright v. McMann, 387 F.2d 519 (CA 2–1967). The Court has the power, and indeed the duty, to consider petitioner's complaint even though the petition may be mislabeled. As was stated in Roberts v. Pegelow, 313 F.2d 548 (CA 4–1963):

"Unlearned inmates of penal institutions, * * * are usually ignorant of the legal niceties of the procedural rules in the courts. If one presents in his own behalf a petition which clearly merits some relief, he ought not to fail entirely because he misconceives the nature of the proceeding or mislabels his petition."

Thus the Court will consider this a request for relief under the Civil Rights Act.

In United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (CA 7–1963), the Court said:

"State prison officials must of necessity be vested with a wide degree of discretion in determining the nature and character of medical treatment to be afforded state prisoners. It is not the function of federal courts to interfere with the conduct of state officials in carrying out such duties under state law, * * *."

The Fifth Circuit Court of Appeals approved this language in Schack v. State of Florida, 391 F.2d 503 (CA 5–1968). Then later, in Granville v. Hunt, 411 F. 2d 9 (CA 5–1969), in a case where the petitioner complained that the prison doctor failed to properly diagnose his physical condition and found him fit for manual labor when he felt that he should not have been so found, the Court said:

"Moreover, this Court has been very chary about interfering in the internal operation and administration of prison systems, and we have done so only in exceptional cases and then only, when the available administrative remedies within the prison organization had been exhausted. Schack v. Florida * * * Hess v. Blackwell, 5 Cir. 1969, 409 F.2d 362. However invoked and regardless of the judicial tool employed to involve the Federal judiciary, our surveillance of state penal and correctional institutions has a limited spectrum. These institutions are not under the control of the Federal courts, and we 'will not interfere with the conduct, management and disciplinary control of this type of institution except in extreme cases.' Douglas v. Sigler, 8 Cir. 1967, 386 F. 2d 684, 688. Since the prisoner at bar is essentially complaining only that the prison doctor should not have found him fit to do heavy manual labor, this is clearly not an instance calling for judicial interference."

In the present case, by the petitioner's own allegation, he has not been denied medical treatment. He simply feels that he is a better diagnostician than the doctor, and he feels that he can better prescribe treatment for his condition than can the doctor. Dr. Williams is a highly competent physician and has, according to the affirmative allegations of the complaint, treated and prescribed regularly for the petitioner. The medical treatment of inmates is a matter for the prison officials and this petition does not allege such inadequacy or deprivation of medical treatment as to warrant the intervention of the federal court.

Petitioner's complaint simply does not state a claim upon which relief can be granted by this Court, and the complaint will therefore be dismissed. Judgment will be entered accordingly.