George O. PARKER

v.

John J. McKEITHEN, Governor of the State of Louisiana, et al.

Civ. A. No. 70-2612.

United States District Court, E. D. Louisiana, New Orleans Division.

June 25, 1971.

---

David L. Morgan, Jr., New Orleans, La., for plaintiff.

Stanford O. Bardwell, Jr., Asst. Atty. Gen., Baton Rouge, La., for defendants.

MITCHELL, District Judge.

This suit for damages under the Civil Rights Act[1] is before the Court on defendants' Motion for Summary Judgment.

Plaintiff's complaint alleges that on September 15, 1969, while an inmate at the Louisiana State Penitentiary and while asleep in his bunk, he was brutally stabbed three times by another inmate, Willie Edmonson, a mentally deranged person.

Plaintiff's suit is against various Louisiana State officials and prison employees, alleging a deprivation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

Plaintiff specifically contends that the defendants in the legislative and executive branches of State government had full knowledge of the conditions existing at the prison and failed to provide adequate measures to protect him from bodily harm.

The governor of a state, as well as state legislators, are immune from suit under the Civil Rights Act for acts or omissions done within the sphere of legitimate executive or legislative activities.[2]

Accordingly, it is ordered that the Motion for Summary Judgment of defendants, John J. McKeithen, Governor of the State of Louisiana; C. C. Aycock, President Pro Tempore of the Louisiana Senate and Lieutenant Governor of the State of Louisiana; and John S. Garrett, Speaker of the Louisiana House of Representatives, is granted.

Plaintiff also alleges that C. Murray Henderson, the Warden; Lloyd W. Hoyle, Assistant Warden; and Hayden J. Dees, Deputy Warden, violated his right to equal protection of the laws and freedom from cruel and unusual punishment. Specifically, plaintiff contends that although defendants were aware of the fact that weapons were produced on the prison premises, they, acting under color of State law, failed to provide adequate internal security measures to prevent the manufacture, possession and use of lethal weapons by prison inmates and, further, that although defendants were aware of Edmonson's threats to stab petitioner, they failed to prevent the injuries inflicted.

1. 42 U.S.C. § 1981 et seq.

2. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); Mar-
tone v. McKeithen, 413 F.2d 1373 (C.A. 5–1969); Parine v. Levine, 274 F.Supp. 268 (D.C.Mich.1967).

Petitioner further asserts that he was deprived equal protection by being imprisoned, in a defenseless state, with prison inmates who, to the knowledge of defendants, manufactured, carried, possessed and used deadly weapons.

■ Under the concept of general tort liability prevailing in Louisiana, in order to hold the employees of a State who have charge of a prison liable for injury to one inmate inflicted by another inmate, there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such and, following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury.[3]

■ To be actionable under 42 U.S.C. § 1983, the acts complained of must be done under color of State law and must amount to a deprivation of a constitutionally protected right; in this case, freedom from the infliction of cruel and unusual punishment and equal protection of the laws.

Since Monroe v. Pape[4], some courts have held that unintentional conduct does not state a claim under Section 1983[5], while others have indicated that negligent conduct may support a claim under that section.[6]

■ We are of the opinion that, under exceptional circumstances, unintentional conduct on behalf of prison officials may support a claim.

This is not a disciplinary case, where prison authorities were called upon to preserve order or were justified in exerting necessary force to restrain or punish a prisoner. Rather, it is a case where an inmate was set upon and physically attacked by another inmate who had been permitted, in some manner, to have or gain possession of a dangerous weapon.

In order to be actionable under Section 1983, more than an isolated incident of negligent failure to protect must be alleged.

■ Although one does not lose all his constitutional rights when he enters a prison, the federal courts have consistently adhered to the so-called "hands off" policy in matters of prison administration and have said that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of prison officials.[7]

■ There is nothing in the record to indicate that defendants had a bad faith, oppressive motive in failing to protect plaintiff from being attacked by Willie Edmonson. Under these circumstances, we conclude that defendants' failure, in an isolated instance, to protect plaintiff from attack by a fellow inmate did not constitute cruel and unusual punishment; nor was plaintiff deprived of equal protection under the Eighth and Fourteenth Amendments to the U. S. Constitution.[8]

3. St. Julian v. State, 98 So.2d 284, (La. App. 1st 1957) and cases cited therein.

4. 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

5. United States ex rel. Gittlemacker v. Pa., 281 F.Supp. 175 (E.D.Pa.1968); Kent v. Prosse, 265 F.Supp. 673 (W.D. Pa.) aff'd 385 F.2d 406 (C.A. 3–1967).

6. Huey v. Barloga, 277 F.Supp. 864 (N.D. Ill.1967); Kish v. County of Milwaukee, 48 F.R.D. 102 (E.D.Wis.1969).

7. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Hughes v. Noble, 295 F.2d 495 (C.A. 5–1961); Stiltner v. Rhay, 371 F.2d 420 (C.A. 9–1967); Snow v. Gladden, 338 F.2d 999 (C.A. 9–1964); Schack v. State of Florida, 391 F.2d 593 (C.A. 5–1968); Granville v. Hunt, 411 F.2d 9 (C.A. 5–1969); Hess v. Blackwell, 409 F.2d 362 (C.A. 5–1969); Willis v. White, 310 F.Supp. 205 (E.D.La.1970).

8. Williams v. Field, 416 F.2d 483 (C.A. 9–1969), cert. den., 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431.

**438**

Accordingly, it is ordered that the motion for summary judgment of defendants, Louis M. Sowers, Director of the Louisiana Department of Corrections; C. Murray Henderson, Warden; Lloyd W. Hoyle, Assistant Warden; and Hayden J. Dees, Deputy Warden, all of Louisiana State Penitentiary at Angola, Louisiana, is granted.