Robert **MATTHEWS**

v.

**C. Murray HENDERSON, Warden,
Louisiana State Penitentiary, et al.**

Civ. A. No. 72-208.

United States District Court,
M. D. Louisiana.

Feb. 5, 1973.

Robert Matthews, in pro. per.

William J. Guste, Jr., Atty. Gen.,
Stanford O. Bardwell, Jr., Asst. Atty.
Gen., Baton Rouge, La., for defendants.

E. GORDON WEST, District Judge:

The plaintiff, Robert Matthews, is an inmate confined to a maximum security cellblock at Louisiana State Penitentiary. On June 9, 1971, while on his way to the shower, he was attacked and beaten by another inmate. The attacking inmate had gained access to a glass jar which was used to beat and cut the plaintiff. Since glass containers are forbidden in the cellblock, it is alleged that it was negligence for this one to have been within the reach of any inmate. In light of the violent nature of many of the inmates in maximum security, it is contended that the officials of the prison were negligent "in failing to maintain adequate and sufficient security precautions in preventing" such items from entering the cellblock.

It is also alleged that after the attack, a security guard, H. T. King, allowed the fighting to continue for "some five minutes" before it was stopped. The plaintiff also contends that the security guard saw or should have seen the other inmate pick up the container and proceed toward the plaintiff; and that the injuries could have been avoided if the guard had taken immediate action or warned the plaintiff of the impending attack. It is contended that the duty of the guard was to observe the inmates and maintain order among them, and that this duty was not properly fulfilled as evidenced by the attack. Plaintiff makes reference to the fact that he is not popular with the prison officials because he is a "writ writer" and therefore "it is apparent why officer King refused to move to prevent the plaintiff from being attacked * * *."

The plaintiff maintains that the defendants were negligent in failing to maintain adequate security; that officer King and others were negligent in "failing to exercise due haste in halting the

attack"; that officer King was negligent in failing to make an attempt to prevent the attack that occurred in his presence. Plaintiff has filed this action under 42 U.S.C. § 1983 alleging that this "gross negligence" has the effect of denying him the equal protection of the law under the Fourteenth Amendment, and he seeks damages in the amount of $70,000.

Fighting among inmates is not unusual in the crowded confines of a prison and incidents similar to the facts here have been considered by several federal courts. Williams v. Field, 416 F.2d 483 (CA 9—1969), cert. denied 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431, involved a situation where the plaintiff alleged that prison officials acting under color of state law deprived him of his constitutional rights because they failed to protect him from attack by a fellow inmate after he had complained that he had been threatened. The day after his complaint the other inmate threw hot coffee in his face and beat him with the empty pot. The district court dismissed the complaint for failure to state a claim under 42 U.S.C. § 1983. The Court of Appeals affirmed stating:

"It may be that negligent conduct, in the appropriate circumstances, will support an action under section 1983. * * * Mere negligent failure to act, standing alone, however, would seem insufficient.
" *   *   *

"In addition to an allegation of the requisite degree of culpability, plaintiffs in section 1983 actions must show a violation of federally secured rights. * * * [W]e think that more than an isolated incident of failure to protect is necessary to make out a violation of the equal protection clause. The equal protection clause forbids the establishment of laws which arbitrarily and unreasonably create dissimilar classifications of individuals when, looking to the purpose of those laws, such individuals are similarly situated. It also forbids unequal enforcement of valid laws, where such unequal enforcement is the product of improper motive. * * * In the factual surroundings of a prison it is thus necessary to show a bad faith oppressive motive in order to make a violation of the equal protection clause out of an isolated instance of failure to protect a prisoner from attack by a fellow inmate." At page 485–486.

In the case of Puckett v. Cox, 456 F. 2d 233 (CA 6—1972), an inmate sought damages under 42 U.S.C. § 1983 alleging that his constitutional rights were deprived in that he was denied the equal protection of the law because the prison officials negligently allowed an "insane" prisoner to roam freely and to have access to dangerous instruments which were used to severely beat and injure the appellant. The lower court dismissed for failure to state a claim upon which relief could be granted. The appeals court stated:

"We affirm the District Court's dismissal of the negligence claim—although for somewhat different reasons. We believe it is incorrect as a general rule, and misleading in this particular case, to state that the negligent conduct of a person acting under color of state law cannot be the basis for relief under § 1983. In Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court expressly rejected the contention that a plaintiff under R.S. § 1979 [now 42 U.S.C. § 1983] must establish the defendant's specific intent to deprive the plaintiff of a constitutional right: * * * In reliance on this ruling by the Supreme Court, numerous courts have recognized that various types of tortious conduct—including some forms of negligence—can be the basis for relief under § 1983.

*     *     *     *     *     *

"These decisions do not, however, eliminate the requirement under § 1983 that the plaintiff establish a deprivation of his constitutional rights through the conduct of the defendant.

In this respect, we do not believe that Appellant's claim presents a deprivation of his constitutional rights as a result of Appellee's allegedly negligent conduct. The most readily cognizable constitutional infringement under the conduct challenged in the complaint would be a denial of equal protection. We do not believe, however, that the alleged negligence of Appellee in permitting an 'insane' prisoner to roam within the prison and in allowing that prisoner to have access to a dangerous instrument, resulting in injury to another prisoner, constitutes a denial of equal protection cognizable under § 1983." At page 234–235.

Several District Courts in Louisiana have also dealt with the problem of inmates attacking other inmates. In Wood v. Maryland Casualty Co., 322 F. Supp. 436 (W.D.La.1971), a prisoner sought damages when another prisoner burned him with lighter fluid. In discussing the dismissal for failure to state a claim under 42 U.S.C. § 1983 the court stated:

"Section 1983 protects only *federal* rights that are violated under color of state law. Complainant alleges he was denied protections afforded by the Eighth and Fourteenth Amendments. It is plain, however, that mere negligence does not support a claim under Section 1983. * * *

" * * *

"Except under exceptional circumstances, internal matters concerning state prisons and parish jails are the sole concern of the state, and federal courts will not interfere. The claims here that there was a failure to provide adequately trained personnel to supervise the inmates and that there was a failure to isolate complainant from one with allegedly dangerous propensities do not meet the 'exceptional circumstances' test which permits or requires intervention by federal Courts. Those bases of the complaint allege simple negligence, of which Section 1983 is not cognizable." At page 439.

In the case of Parker v. McKeithen, 330 F.Supp. 435 (E.D.La.1971), a Louisiana State Penitentiary inmate was attacked and stabbed by another inmate. The plaintiff filed suit against several State and prison officials contending that they had full knowledge of the conditions of the prison and failed to provide adequate measures to protect him from harm.

"Plaintiff also alleges that * * * the Warden; * * * Assistant Warden; and * * * Deputy Warden, violated his right to equal protection of the laws and freedom from cruel and unusual punishment. Specifically, plaintiff contends that although defendants were aware of the fact that weapons were produced on the prison premises, they, acting under color of State law, failed to provide adequate internal security measures to prevent the manufacture, possession and use of lethal weapons by prison inmates and, further, that although defendants were aware of * * * threats to stab petitioner, they failed to prevent the injuries inflicted.

"Petitioner further asserts that he was deprived equal protection by being imprisoned, in a defenseless state, with prison inmates who, to the knowledge of defendants, manufactured, carried, possessed and used deadly weapons.

"Under the concept of general tort liability prevailing in Louisiana, in order to hold the employees of a State who have charge of a prison liable for injury to one inmate inflicted by another inmate, there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such and, following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury.

"To be actionable under 42 U.S.C. § 1983, the acts complained of must be done under color of State law and must amount to a deprivation of a constitutionally protected right; in this case, freedom from the infliction of cruel and unusual punishment and equal protection of the laws." At page 436–437.

The court went on to conclude:

"We are of the opinion that, under exceptional circumstances, unintentional conduct on behalf of prison officials may support a claim.

" *   *   *

"In order to be actionable under Section 1983, more than an isolated incident of negligent failure to protect must be alleged.

" *   *   *

"There is nothing in the record to indicate that defendants had a bad faith, oppressive motive in failing to protect plaintiff from being attacked *   *   *. Under these circumstances, we conclude that defendant's failure, in an isolated instance, to protect plaintiff from attack by a fellow inmate did not constitute cruel and unusual punishment; nor was plaintiff deprived of equal protection under the Eighth and Fourteenth Amendments to the U. S. Constitution." At page 437.

The plaintiff in the instant case alleges that the various parties were negligent for failure to provide adequate security precautions in that the glass container was present in the cellblock; for the negligent failure of officer H. T. King and officer P. Arnoville to exercise due haste in the halting of the attack; for the negligent failure of King to prevent the attack in the first place. There is no allegation that the plaintiff was allowed to be attacked on other occasions, or that any of the acts complained of were intentional. He does mention that he is known as a "writ writer" and that this may have been why King failed to act, but he still asserts that King was negligent rather than intentional in his failure to act.

The occurrence seems to be no more than an isolated incident of negligent failure to protect, and therefore in light of the cases cited, the plaintiff's claim does not present a cognizable denial of equal protection under § 1983.

In Puckett v. Cox, supra, negligent security precautions which allowed a prisoner to acquire a "dangerous instrument" were held not to constitute a denial of equal protection, so surely in this case the presence of the forbidden glass container would constitute no greater claim. In Williams v. Field and Parker v. McKeithen, supra, it was found that a cause of action did not exist for failure to prevent the attack even when the officials had been advised of threats against the injured inmate. Therefore, no greater case can be made for the alleged negligent failure of a guard to detect and prevent an attack when he had no previous knowledge that the attempt would be made.

The allegation that the security guard, King, failed to halt the attack rapidly enough is also without sufficient substance to constitute a denial of equal protection under § 1983. It is most likely that the plaintiff has exaggerated the time lag between inception and termination of the attack. Unpleasant situations seem to last much longer than they actually do. In any event there is no allegation that King's delay was intentional, but rather it is termed "gross negligence." There has not been a sufficient showing that there was any bad faith or oppressive motive in the alleged delay in halting the attack.

If the plaintiff has any cause of action at all it is an ordinary tort claim which can be brought in state court. The plaintiff's action is dismissed as to all defendants for failure to state a claim upon which relief can be granted and judgment will be entered accordingly.