**Pearl SPENCE, Individually and as Administratrix of the Estate of Jerome W. Spence, Deceased, Plaintiff-Appellant,**

v.

**Henry D. STARAS et al., Defendants-Appellees.**

**No. 74–1038.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1974.

Decided Dec. 16, 1974.

Mort A. Segall, Champaign, Ill., for plaintiff-appellant.

Tim Swain, II, Sp. Asst. Atty. Gen.; James L. Hafele, Peoria, Ill., for defendants-appellees.

Before FAIRCHILD, CUMMINGS and PELL, Circuit Judges.

PELL, Circuit Judge.

The plaintiff Pearl Spence brought this action, under 42 U.S.C. § 1983, individually and as administratrix of the estate of her deceased son, Jerome Spence, to recover damages for the deprivation of her son's civil rights. Sued as defendants were eight agents and employees of the Peoria State Hospital, an institution owned and operated by the State of Illinois. Jurisdiction was invoked under 28 U.S.C. § 1343(3). The district court dismissed the plaintiff's amended complaint and the plaintiff appeals.

The original complaint alleges that the deceased was an inmate at the Peoria State Hospital and that the defendants were jointly responsible for the exclusive care, custody, and control of the deceased. According to the complaint, the deceased, who was nonverbal, had been beaten on at least twenty separate occasions prior to May 21, 1972, by fellow patients. The complaint further charges that on May 21, 1972, the deceased was again beaten by a fellow inmate; that the deceased died on June 23, 1972, as a result of this beating; that each of the defendants knew of the twenty prior assaults and beatings committed on the deceased, and knew that the deceased was nonverbal and could not call for help or defend himself when attacked, and knew that the deceased was a frequent target of assault by fellow patients, all of whom were under the care, custody, and control of the defendants; that the defendants, jointly, acting under color of state law, willfully, wantonly, recklessly, negligently, and intentionally[1] subjected the deceased to a deprivation of his right of personal security by their complete failure to provide any measure of protection for the deceased against the repeated attacks of his fellow inmates. The plaintiff, according to the complaint, has been duly qualified as administratrix of the estate of the decedent. The plaintiff seeks both actual and punitive damages.

The district court dismissed the complaint with leave for the plaintiff to amend it to allege (1) a specific constitutional violation and (2) pecuniary loss. The plaintiff amended the complaint by adding two paragraphs which alleged that the deceased had been deprived of his rights under the Fourteenth Amendment to liberty and life and that the deceased left surviving him the plaintiff as lineal next of kin, and the plaintiff sustained pecuniary loss by reason of the death of the decedent. The district court dismissed the amended complaint.

---

1. We find no particular support for the plaintiff's case in the stringing use of conduct-characterization adjectives. The defendants contend that negligence is not actionable under § 1983 and clearly "more than an isolated incident of negligent failure to protect must be alleged." Williams v. Field, 416 F.2d 483, 485 (9th Cir. 1969), cert. denied, 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970). In any event, we are here not concerned with the characterization adjectives but with the course of continuing knowledge and continu-ing lack of protection provided to one committed to the custody of the defendants. All of the parties cite cases developed in prisoners' actions. While we find these cases are certainly analogous, and the constitutional principles applicable are substantially identical, we also observe that a prisoner has presumably voluntarily transgressed the rules of conduct imposed by society in the code of criminal laws while here the decedent was guilty of nothing more than succumbing to an illness.

## I

In a federal civil rights action where the person who has been deprived ·of his rights has died, the action survives for the benefit of the estate if the applicable state law creates such a survival action. Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136; Evain v. Conlisk, 364 F.Supp. 1188, 1191 (N.D.Ill. 1973); Holmes v. Silver Cross Hosp., 340 F.Supp. 125, 129 (N.D.Ill.1972). See also Baker v. F & F Investment, 420 F.2d 1191, 1196 n. 7 (7th Cir. 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49. Illinois does provide for the survival of an action to recover damages for injury to the decedent while ·he was alive (Ill.Rev.Stat. Ch. 3, § 339), and for the survival of an action to recover pecuniary losses incurred by the decedent's next of kin due to the decedent's death (Ill.Rev. Stat. Ch. 70, §§ 1 and 2). Under Illinois law, these actions must be brought in a representative, rather than an individual, capacity. Ill.Rev.Stat. Ch. 70, § 2; Ill. Rev.Stat. Ch. 83, § 20.

In the present case, the plaintiff sued both individually and as administratrix of her son's estate. Although the individual action must fail under Illinois law, the action brought in the plaintiff's representative capacity is properly maintainable.

## II

Viewing the allegations of the amended complaint and all reasonable inferences which can be drawn from them as true, we are convinced that the plaintiff has stated a cause of action under § 1983. See Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The defendants, as agents and employees of a state hospital, were clearly acting under color of state law. See Wheeler v. Glass, 473 F.2d 983, 985 (7th

Cir. 1973). It is equally clear that the deceased had a right, under the Fourteenth Amendment, to be secure in his life and person while confined under state authority.[2] See Brazier v. Cherry, *supra*. The defendants, being responsible for the decedent's care and safekeeping, had a duty to protect him from attacks by fellow inmates. Welsch v. Likins, 373 F.Supp. 487, 502–503 (D.Minn. 1974); New York State Ass'n for Retarded Children v. Rockefeller, 357 F.Supp. 752, 764 (E.D.N.Y.1973).

The present complaint, moreover, contains sufficient allegations regarding the defendant's knowledge of the beatings of the decedent to make the claim actionable under § 1983. Although the complaint does not allege direct participation by the defendants in the beatings, the complaint does allege more than an "isolated incident" or mere negligent supervision. The complaint here expressly alleges that the defendants knew that the decedent was the target of assaults by fellow inmates, knew that he had been beaten on at least twenty prior occasions, and knew that he was nonverbal and unable to call for help or defend himself when attacked, and yet the defendants failed to protect the deceased. Assuming, as we must on a motion to dismiss, that the plaintiff can prove these allegations, the defendants' inaction was of sufficient magnitude to constitute a deprivation of rights under § 1983. The defendants' reliance on Adams v. Pate, 445 F.2d 105 (7th Cir. 1971), and Williams v. Field, 416 F.2d 483, 485 (9th Cir. 1969), cert. denied, 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970), is, therefore, inapposite. See Curtis v. Everette, 489 F.2d 516 (3d Cir. 1973), cert. denied, Smith v. Curtis, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774; Parker v. McKeithen, 488 F.2d 553 (5th Cir. 1974).[3]

---

**2.** We found somewhat shocking the observation in the brief of the Attorney General on behalf of the defendants that "[n]o case has been found [supporting] a specific right to exist or a right to the enjoyment of life."

**3.** Dr. Staras, Superintendent of the hospital, also contends that he is immune from suit under the Illinois Tort Immunity Act, Ill.Rev. Stat. Ch. 85, §§ 2–201, 6–107. However, as this court pointed out in McLaughlin v. Tilen-

The defendants contend, however, that the complaint should nevertheless be dismissed for failure to allege, with specificity, pecuniary loss, the only type of damages recoverable under the Illinois Wrongful Death Act. Ill.Rev.Stat. Ch. 70, § 1. Graul v. Adrian, 32 Ill.2d 345, 205 N.E.2d 444 (1965). The Supreme Court has indicated that, in civil rights actions, "both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes." Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 240, 90 S.Ct. 400, 406, 24 L.Ed.2d 386 (1969).

■ The defendants' argument, which was apparently accepted by the district judge, is based on Illinois case law which held that where, as here, the plaintiff's decedent died from the injuries allegedly caused by the defendant, the plaintiff could only bring an action for pecuniary loss under the Wrongful Death Act and not an action, under the Survival Statute, for personal injury and pain and suffering to the decedent before he died. See Holton v. Daly, 106 Ill. 131 (1882). The Illinois Supreme Court, however, has, since the time the district court dismissed the present complaint, reversed this line of cases and has expressly held that where the injury caused by the defendant results in death, the plaintiff may bring both an action under the Wrongful Death Act and one under the Survival Statute. Murphy v. Martin Oil Co., 56 Ill.2d 423, 308 N.E.2d 583 (1974). In the present case, the complaint contains a general prayer for actual damages as well as an allegation of pecuniary loss to the plaintiff as decedent's next kin. Although the plaintiff may have difficulty, as the district court noted, in proving pecuniary loss due to the death of her nonverbal, mentally-ill son,

the plaintiff may well be able to prove actual damages resulting from the decedent's pain and suffering prior to his death.

■ Moreover, the complaint here requested punitive as well as actual damages. Provided certain aggravating circumstances are shown, punitive damages are recoverable under federal law in a § 1983 action, Morales v. Haines, 486 F.2d 880, 882 (7th Cir. 1973); Smith v. Losee, 485 F.2d 334, 345 (10th Cir. 1973), cert. denied, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212; McDaniel v. Carroll, 457 F.2d 968, 969 (6th Cir. 1972); Mansell v. Saunders, 372 F.2d 573 (5th Cir. 1967), and under Illinois law in personal injury cases, Madison v. Wigal, 18 Ill.App.2d 564, 153 N.E.2d 90 (1958). Federal law, furthermore, permits recovery of such damages in actions under the civil rights acts even in the absence of actual loss to the plaintiff. Rogers v. Loether, 467 F.2d 1110, 1112 n. 4 (7th Cir. 1972); Basista v. Weir, 340 F.2d 74, 88 (3d Cir. 1965).[4]

We do not suggest that the plaintiff ultimately will be able to prove facts entitling her to actual or punitive damages or even that summary judgment procedures may not develop a lack of liability under § 1983 on the part of some or all of the defendants. We merely hold that the complaint contains sufficient allegations with regard to damages, regardless of whether the state or the federal rules on damages are applied, to withstand a motion to dismiss which here was broadly sweeping as to all defendants.

Accordingly we reverse and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

dis, 398 F.2d 287, 290 (7th Cir. 1968), "[u]nder the Supremacy Clause, that statute cannot protect defendants against a cause of action grounded, as here, on a federal statute." Since the defendants here are neither legislators nor judges, they retain "only a qualified immunity, dependent on good faith action." Id. While some or all of the defendants may be able to assert the defense of

reasonableness and good faith, the plaintiffs are nonetheless entitled to an opportunity to prove the allegations in the complaint. McLaughlin; Wheeler v. Glass, supra 473 F.2d at 985.

4. The Illinois rule is that punitive damages may not be awarded in the absence of actual damages. Tonchen v. All-Steel Equip., Inc., 13 Ill.App.3d 454, 300 N.E.2d 616, 624 (1973).