Miriam BUTLER

v.

**COMMISSIONER OF MENTAL HEALTH,**
Director of Lakeshore Mental Health
Institute, Lakeshore Mental Health
Institute.

Civ. No. 3–78–258.

United States District Court,
E. D. Tennessee, N. D.

Sept. 28, 1978.

---

Mark E. Olive, Mark Leedom, Knoxville, Tenn., for plaintiff.

Warren Butler, Dennis B. Francis, Staff Atty., for Lakeshore Mental Health Institute, Knoxville, Tenn.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The three defendants in this lawsuit have moved the Court for summary judgment of

dismissal pursuant to Rule 56, Fed.R.Civ.P. claiming there is no material fact at issue and that they are entitled to judgment as a matter of law. The three defendants are being sued under 42 U.S.C. § 1983 for alleged violations, under color of state law, of plaintiff's constitutional rights. In deciding these motions, the Court has construed the pleadings and the affidavits submitted in the light most favorable to plaintiff to determine if she could prove any fact or facts which would indicate a violation of her constitutional rights.

## I. *Plaintiff's allegations*

Plaintiff claims she was taken to defendant Lakeshore Mental Health Institute against her will on August 18, 1977, where she was admitted ostensibly under Tennessee's voluntary commitment statute, Tenn. Code Ann. § 33–601. However, plaintiff claims she never knowingly signed any admission forms or any papers consenting to voluntary commitment. (See plaintiff's supporting affidavit). Plaintiff claims she was kept at Lakeshore for approximately 30 days, during which time she was heavily drugged so that she could not reasonably be expected to pursue the mandatory release procedure for voluntarily committed patients under T.C.A. § 33–601. While confined at Lakeshore, plaintiff claims she was raped by another patient, which she attributes to Lakeshore's placement of her in a ward which was not sexually segregated and which did not have enough supervisory attendants to prevent such incidents from occurring. Her suit seeks damages only. Again for the purpose of these motions, the Court will take all of plaintiff's allegations as true.

## II. *Defendant Lakeshore*

■ The Lakeshore Mental Health Institute has moved for summary judgment on grounds of Eleventh Amendment immunity.

In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Supreme Court renewed its interpretation of the Eleventh Amendment as granting states immunity from suits for damages in federal courts. *Edelman* expanded that interpretation so as to preclude even suits against state officials when the damages liability of the state official would be payable from public funds in the state treasury. The Court in *Edelman,* per Justice Rehnquist, also said a state could not be held to have waived its immunity under the Eleventh Amendment unless a waiver is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." 415 U.S. at 673, 94 S.Ct. at 1361, quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909).

Two interpretations of *Edelman* by the Sixth Circuit Court of Appeals are particularly relevant to Lakeshore's motion. In *Soni v. Board of Trustees of the University of Tennessee,* 513 F.2d 347 (6th Cir. 1975), the Sixth Circuit held that a suit could be maintained in federal court against the University of Tennessee, on the grounds the state had expressly waived any claim to immunity regarding the University of Tennessee. The court focused on language in the University's original charter which allowed the University to "sue and be sued, plead and be impleaded, in any court of law or equity in this State or elsewhere." 513 F.2d at 352.

After *Soni,* however, the Sixth Circuit decided *Long v. Richardson,* 525 F.2d 74 (6th Cir. 1975), a suit against the President of Memphis State University. In *Long,* the Sixth Circuit held the Eleventh Amendment and *Edelman* barred a suit for damages in federal court against Memphis State University or its President, as such. The distinction between *Long* and *Soni,* the court pointed out, was based on *Edelman's* requirement that a waiver be "clear." The statutory authorization for Memphis State University gave the University trustees "comparable responsibility" to that given to the University of Tennessee but otherwise contained no express language, such as that found in *Soni,* authorizing suit against the University. The court, following *Edelman,*

held there was no "clear" waiver of Eleventh Amendment immunity for Memphis State as there had been for the University of Tennessee.

We are of the opinion that *Long v. Richardson, supra,* controls the disposition of the claim in this case against Lakeshore. As in *Long,* any liability for damages would have to come from public funds in the state treasury, so that Lakeshore falls within the protective umbrella of the Eleventh Amendment. And, as in *Long,* the statutory authorization for Lakeshore, T.C.A. 33–201, contains no express waiver of immunity like that found in *Soni.* Under *Long* and *Edelman,* any waiver of Eleventh Amendment immunity must be "clear." No such clear, express waiver is to be found regarding Lakeshore Mental Health Institute. Accordingly, the suit against Lakeshore must be dismissed.

## III. *Defendants Marshall and Jordan*

For the purpose of deciding the motions by the two individual defendants, the Court must assume that plaintiff claims the two individuals are personally liable, otherwise *Edelman* and *Long, supra,* would bar these actions as well in this Court. Defendant Marshall, the Superintendent of Lakeshore, and defendant Jordan, the Commissioner of the Tennessee Department of Mental Health and Mental Retardation base their motions on the ground that *respondeat superior* is not a basis of liability under 42 U.S.C. § 1983. While defendants are correct in this regard, and while their reading of plaintiff's complaint as a *respondeat superior* claim appears to be the most reasonable reading of it, the Court cannot dismiss the claims on this basis. Reading the complaint in the light most favorable to plaintiff, the complaint can be reasonably interpreted to be a claim of direct, personal responsibility on the part of both defendants. This does not end the inquiry though, as we must look to see what the possible theories of the individual defendants' direct responsibility can be in this case. Not all theories of direct tort liability are cognizable as claims under 42 U.S.C. § 1983. *Paul*

*v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

Plaintiff's response to these motions states that the two individual defendants have statutory responsibilities. Defendant Marshall has a statutory duty to admit voluntary commitment patients and defendant Jordan has a statutory duty to be generally responsible for the institutions within his department. Nothing in the complaint, however, can be construed in any way to mean that either defendant violated these statutes.

Nevertheless, the individual defendants are under an obligation, found in common law if not in the statutes, to exercise reasonable care in the performance of their duties. Plaintiff's allegations that she was committed to Lakeshore with false consent papers, and subsequently raped by another patient due to inadequate supervision, do reasonably state a claim that the individual defendants breached some duty of care owed to the plaintiff. (The Court notes that plaintiff does not dispute defendants' affidavits stating they were never personally involved with the commitment or care of this plaintiff.) As such, the claim would be controlled by *Puckett v. Cox,* 456 F.2d 233 (6th Cir. 1972) (assuming without deciding that *Puckett* would still be good law after *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978)) in which the Sixth Circuit held negligence claims against state officials could be cognizable under 42 U.S.C. § 1983, but that "more than an isolated incident" must be alleged, 456 F.2d at 235, quoting *Williams v. Field,* 416 F.2d 483, 485 (9th Cir. 1969). *See also Spence v. Staras,* 507 F.2d 554 (7th Cir. 1974). Plaintiff's complaint, under a theory of negligence, would be that defendants failed to prevent plaintiff's commitment with false consent papers and failed to protect her from a rape by another patient. No more than this is claimed. Acknowledging the grievous nature of the injuries these incidents would cause to plaintiff, this Court in determining whether plaintiff's claim is cognizable as a deprivation of constitutional rights under 42 U.S.C. § 1983 cannot inter-

pret plaintiff's complaint to be anything more than a claim of two isolated incidents of negligence on the part of the defendants.

Finally, the Court makes reference to two other cases similar to this one. In *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), the Supreme Court held that a state could not constitutionally confine someone in a mental institution against his will if he is neither dangerous to himself nor to others. A state official who does so intentionally would presumably be liable in damages for doing so. The difference here though, is that the individual defendants in this case, unlike the defendant in *O'Connor*, did not directly participate in the plaintiff's unconstitutional confinement, or, in *O'Connor*, continued confinement. *O'Conner* also recognized a qualified immunity for state officials preventing actions such as this against them unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to [plaintiff]." 422 U.S. at 577, 95 S.Ct. at 2494. We are unable to read into plaintiff's complaint and affidavit any such claim. *See also Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

The case of *Goodman v. Parwatikar*, 570 F.2d 801 (8th Cir. 1978), held that the claim before it stated an allegation of "deliberate indifference" toward plaintiff's right to medication and security from assault and therefore was cognizable under 42 U.S.C. § 1983. The Court said that if, on remand, the case turns out to be nothing more than negligence, then there would be no relief under 42 U.S.C. § 1983. Once again, however, we are unable to find in plaintiff's complaint and affidavit any claim against the individual defendants rising to deliberate and intentional action or inaction.

We conclude that the complaint, defendants' affidavits, and plaintiff's affidavit, when read together leave no issue of material fact remaining, and as a matter of law defendants are entitled to dismissal. Nothing herein is intended to prejudice plaintiff's rights, if any, in a state court.

## IV. *The Amended Complaint*

The Amended Complaint requests the Court to exercise its discretion to permit the allegations in the Amended Complaint which are based on alleged negligence of the defendants to be tried along with the charges in the original complaint. The allegations in the Amended Complaint charge the defendants with various acts of negligence in failing to use due care in admitting plaintiff to the Lakeshore Mental Health Institute, in assigning her to a hazardous floor of the institution, and in failing to use due care to supervise plaintiff and other patients when defendants knew, or in the exercise of due care, should have known of the likelihood of said patients harming each other.

These allegations alone convince the Court that the suit is based on simple negligence and does not state a claim of constitutional violations.

We recognize many courts, including the Sixth Circuit, allow negligence claims under 42 U.S.C. § 1983. However, this is done only under special circumstances. The Seventh Circuit held in the case of *Spence v. Staras, supra*, that a complaint stating more than an "isolated incident" of negligent supervision does state a cause of action under Section 1983. In that case, the record showed that defendant knew the decedent had been a target of at least twenty prior beatings at the institution he was confined in and knew that the decedent was non-verbal and unable to call for help or defend himself on attack.

The Supreme Court held in the case of *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), that to state a cognizable claim for insufficient medical care under 42 U.S.C. § 1983, a plaintiff must allege acts or omissions sufficiently harmful to evidence "deliberate indifference" to plaintiff's medical needs.

We do not believe that the allegations in plaintiff's complaint rise to the extreme

level of neglect or deliberate inaction present in these kinds of cases. *See Puckett v. Cox* and *Goodman v. Parwatikar, supra.*

Since the Court views plaintiff's Amended Complaint as allegations of simple negligence based upon common law and state statutes, we feel the case should be tried in a state court rather than federal court. This Court refuses to exercise pendent jurisdiction over the Amended Complaint.

Accordingly, it is hereby ORDERED that defendants' motions for summary judgment of dismissal be, and the same hereby are, granted. It is further ORDERED that plaintiff's complaint in this Court be, and the same hereby is, dismissed.

Order Accordingly.