953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglass Lafayette NELSON, Plaintiff-Appellant,
v.
James ROWLAND, et al, Defendants-Appellees.
 No. 90-15634.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 31, 1992.
 
 1
 Before SCHROEDER and T.G. NELSON, Circuit Judges, and CALLISTER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant appeals from the dismissal of his action against Warden James Rowland and other prison officials alleging they violated his constitutional rights by inflicting unusual and cruel punishment when they placed him in a cell with a prisoner who had previously expressed suicidal tendencies.
 
 
 4
 The district court correctly ruled that Nelson's complaint failed to allege a claim upon which relief could be granted, and properly dismissed the action.
 
 
 5
 Nelson alleged he was assaulted and injured by his cell mate, but did not allege facts sufficient to conclude that prison officials had acted with the requisite deliberate indifference necessary to make out a claim under the cruel and unusual punishment clause of the constitution. See, e.g., Williams v. Field, 416 F.2d 483 (9th Cir.1969), cert. denied 397 U.S. 1016 (1970). "In order to be actionable under section 1983, ... more than an isolated incident of negligent failure to protect must be alleged. The federal courts have stated on numerous occasions that absent unusual circumstances they will not intervene in the internal administration of state prison systems." Id. at 485 (cited with approval in Berg v. Kincheloe, 794 F.2d 457, 462 (9th Cir.1986) (isolated incident of negligence insufficient to recover under section 1983)). It is certainly true that "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse," Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982) (citing Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir.1980), cert. denied 450 U.S. 1041 (1981)), but Nelson has not alleged the kind of pervasive, systemic disregard required under the cases he cites (Ramos, for example) to establish this type of eighth amendment violation.
 
 
 6
 The district court granted Nelson an opportunity to amend his complaint and offered significant direction to guide Nelson in that task. Nelson opted to stand on the complaint as written. The district court, therefore, properly dismissed Nelson's action with prejudice.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Marion J. Callister, United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3