Louis M. PARINE, Plaintiff,

v.

Abraham S. LEVINE, Mayor of the City of Mount Clemens, Margaret Roskopp, Ray W. Brandenburg, Hunter D. Stair, and William V. Wendt, Commissioners of the Mount Clemens City Commission, jointly and severally, Defendants.

Civ. A. No. 28457.

United States District Court
E. D. Michigan, S. D.

Oct. 16, 1967.

Bruce A. Miller, Zwerdling, Miller Klimist & Maurer, Detroit, Mich., for plaintiff.

James C. Daner, Kenneth E. Scherer, Daner, Freeman & McKenzie, Moun⁺ Clemens, Mich., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

LEVIN, District Judge.

This is an action for damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The plaintiff is the owner, subject to a vendor's interest in a land contract, of property in the City of Mount Clemens, Michigan known as the Imperial Dining Room and Cocktail Lounge which is licensed to sell liquor. The defendants are the members of the City Commission of Mount Clemens.

The complaint alleges that defaults in payments required under the terms of the land contract resulted in the institution of foreclosing proceedings. During the pendency of these proceedings, the plaintiff contracted to sell the premises and liquor license to one Herbert Pearson. This sale was subject to the defendants' approval of the transfer of the liquor license and subject to other conditions which were satisfied and are not relevant here. Plaintiff claims that he lost his interest in the property by fore-

closure, as a result of defendants' refusal to approve the transfer. The complaint alleges that each of the defendants disapproved of the transfer "in whole or in part" because Pearson is a Negro and the defendants did not want a "Negro Bar" in the white section of the city. This allegedly deprived the plaintiff of due process of law and the equal protection of the laws. The defendants have moved to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted.

█ The defendants allege that under the applicable state law, Mich. Comp. Laws 1948, § 436.17, M.S.A. § 18.988, they have absolute and even arbitrary power to disapprove the transfer of liquor licenses and that their action did not constitute a deprivation of constitutional rights. The Court disagrees. Regardless of the authority the defendants have under the police power, the exercise of their discretion on account of race is an invidious discrimination which violates the equal protection of the laws provision of the Fourteenth Amendment. Lewis v. City of Grand Rapids, 356 F.2d 276 (6th Cir. 1966); Glicker v. Michigan Liquor Control Commission, 160 F.2d 96 (6th Cir. 1947).

█ The defendants further assert that as legislators of a municipality they enjoy complete or at least qualified immunity for discretionary acts performed in their legislative capacity. The complete immunity of state legislators from suits for damages under the civil rights acts, Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), has not been held to apply to municipal legislative officials. Nelson v. Knox, 256 F.2d 312, 314 (6th Cir. 1958). However, the Supreme Court has held that common law qualified privileges are applicable in civil rights actions, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (police officers), and the defense that their acts were discretionary acts performed in good faith would probably be available to municipal legislators. Nelson v. Knox, supra. But it is unneces-

sary here to delineate the scope of the qualified privilege, since the plaintiff alleges a purposeful discrimination based on race which, if proved, would overcome the qualified privilege however defined.

The defendants maintain that even if their refusal to approve the liquor license transfer violated the civil rights of Pearson, the prospective buyer, there has been no violation of the civil rights of the plaintiff.

The Civil Rights Act of 1871 creates a cause of action against a person who deprives another of constitutional rights and in favor of "the party injured." 42 U.S.C. § 1983. An interesting question arises as to whether the alleged violation of the civil rights of Pearson may be the basis of an action for damages by the plaintiff, on the grounds that this violation was the proximate cause of injury to the plaintiff. However, it is not necessary to reach this question, since here the plaintiff asserts a violation of his own civil rights.

█ The plaintiff claims there has been a violation of his own constitutional right to dispose of property without interference based on the race of the purchaser by persons acting under color of state law. The Supreme Court stated in Shelley v. Kraemer, 334 U.S. 1, 10, 68 S.Ct. 836, 92 L.Ed. 1161 (1947), "It cannot be doubted that among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property." Although the issue in that case was the right of Negro purchasers to buy, the earlier cases of Harmon v. Tyler, 273 U.S. 668, 47 S.Ct. 471, 71 L.Ed. 831 (1929), and Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917), involved the rights of white sellers. In Buchanan, the Court said at page 73, 38 S.Ct. at p. 19: "The right of the plaintiff in error to sell his property was directly involved and necessarily impaired because it was held in effect that he could not sell the lot to a person of color who was willing and ready to

acquire the property, and had obligated himself to take it."

For these reasons, it is hereby ordered that the motion to dismiss be and the same is hereby denied.