SHANNON FREDERICKSBURG MOTOR
INN, INC., Plaintiff,

v.

M. E. HICKS, Defendant.

Civ. A. No. 77–0154.

United States District Court,
E. D. Virginia,
Richmond Division.

May 17, 1977.

Thomas E. Crosley, Jr., Fredericksburg,
Va., for plaintiff.

John F. Kay, Jr., Williams G. McClure,
III, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff brings this action for money damages alleging that the defendant, M. E. Hicks, a member of the Board of Supervisors of Spotsylvania County, Virginia, violated its rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff seeks an award of damages against the defendant in his individual capacity for voting in favor of a zoning ordinance that was before the Board of Supervisors of Spotsylvania County.

This action was originally filed in the Circuit Court of Spotsylvania County, Virginia but was removed to this Court by the defendant pursuant to 28 U.S.C. § 1441. Jurisdiction is attained pursuant to 28 U.S.C. § 1343. This matter is before the Court on defendant's motion to dismiss. Having considered the motion, plaintiff's response thereto, and argument by counsel, the matter is now ripe for disposition.

Plaintiff alleges the following set of facts:

Plaintiff is the owner of a tract of land in Spotsylvania County, Virginia which was zoned R–2 Residential pursuant to the comprehensive zoning ordinance adopted by the Board of Supervisors of Spotsylvania County (hereinafter the "Board") on or about April 12, 1973. Apartments and townhouses are permitted uses in an R–2 zoning classification but not in an R–1 zoning classification under such ordinance. On January 13, 1977, the Board adopted a zoning ordinance which down-zoned an area of land which included plaintiff's tract from R–2 classification to R–1 classification. Such ordinance was adopted by a 1 to 0 vote of the Board with the defendant, M. E. Hicks, casting the sole vote. In reliance on the prior R–2 zoning classification, plaintiff had prepared part of its tract of land for apartments and townhouses.

Plaintiff alleges that by voting for the new zoning ordinance, the defendant caused pecuniary harm to plaintiff under color of state law, which the defendant knew or

should have known would result in such loss to plaintiff. Thus, it is the plaintiff's position that the action of the defendant, in voting for the ordinance, was in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. § 1983.

Defendant moves to dismiss this action for failure to state a claim upon which relief can be granted, contending that he enjoys absolute legislative immunity from personal liability for his participation in the enactment of a zoning ordinance by the County Board of Supervisors.

In Virginia, zoning is a legislative function which has been delegated by the General Assembly to the governing body of a county. *See* Section 15.1–486 of the Code of Virginia (1950). The Board of Supervisors of Spotsylvania County, of which the defendant is a member, is the duly qualified governing body for that county.

In *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), the Supreme Court held that state legislators acting within the sphere of valid legislative activity are immune from individual liability for such acts, including liability under the Civil Rights Act of 1871, irrespective of the individual legislators' motives. The Court emphasized the long history, both in England and in the United States, of "[t]he privilege of legislators to be free from arrest or civil process for what they do or say in legislative proceedings." 341 U.S. at 372, 71 S.Ct. at 786.

Although the immunity of some non-legislative government officials has been qualified by the Supreme Court, *see, e. g., Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (executive officers); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (judges and police officers), and *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) (school officials), immunity of state and federal legislators has remained absolute.

However, the Supreme Court has not explicitly extended the rule of absolute immunity to local legislative officials. The lower federal courts are divided on this issue and the United States Court of Appeals for the Fourth Circuit has not had occasion to rule upon it.

Counsel for the defendant has cited *Shellburne, Inc. v. New Castle County*, 293 F.Supp. 237 (D.Del.1968), a case similar to the one at bar, where, in the context of an action against members of a county council for changing the zoning on the plaintiff's property, the Court held that the council members were absolutely immune from personal liability under Section 1983 while acting within the scope of their legislative function.

The instant plaintiff urges upon the Court that the better view is that of a *qualified* immunity for local legislators, citing among others,[1] the case of *Cobb v. City of Malden*, 202 F.2d 701 (1st Cir. 1953). In *Cobb*, the plaintiff alleged that defendant City Councilmen acting under color of law had prevented the appropriation of municipal funds sufficient to pay the salaries of the plaintiff school teachers in violation of the Civil Rights Act. The First Circuit held that plaintiffs had stated a cause of action against the Councilmen and overturned the District Court's order of dismissal. Although the plurality opinion did not mention the issue of immunity, in his concurring opinion, Chief Judge Magruder stated:

"In the case at bar the defendant members of the city council were exercising legislative functions, on a subordinate level. But it seems that, as respects members of similar subordinate legislative bodies, there has not been such a general and unquestioned recognition at the common law of an absolute immunity from civil liability for acts done by such persons in their official capacity, comparable to the complete immunity afforded to members of state legislatures. Certainly so far as concerns the torts of libel and slander, members of a municipal council and similar subordinate legislative

1. *See also Nelson v. Knox*, 256 F.2d 312 (6th Cir. 1958); *Lynch v. Johnson*, 420 F.2d 818 (6th Cir. 1970); *Ka-Haar, Inc. v. Huck*, 345 F.Supp. 54 (E.D.Wis.1972).

bodies do not have an absolute immunity from liability for defamation in the course of the performance of their legislative functions. They have only a qualified privilege, which may be forfeited if the defamation is not in good faith or published for an improper purpose. [Citations omitted.] I know of no reason why their immunity from liability for harms other than defamation should be any wider. Hence, I take it as a roughly accurate generalization that members of a city council, and other public officers, not in the exceptional category of officers having complete immunity, would have a qualified privilege, giving them a defense against civil liability, for harms caused by acts done by them in good faith in performance of their official duty as they understood it. [Citations omitted.] But on ordinary principles of the law of torts, I think that members of a city council would be liable in damages for pecuniary harm to a plaintiff intentionally inflicted by action, under color of official authority, which the defendants subjectively realized would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States." 202 F.2d at 706–07.

The Court in *Shellburne, supra,* found Judge Magruder's views to be inconsistent with the common law principle of absolute immunity for members of lower legislative bodies for legislative acts, recognized in most jurisdictions. *See* Prosser on Torts, 1014 (3d Ed. 1964); 37 Am.Jur., Municipal Corporations §§ 71, 264; 20 C.J.S. Counties § 97; Annot. 22 A.L.R. 125, cited in *Shellburne, supra,* at 243.

This Court is of the view that the sounder rule is to extend the same absolute immunity to local legislators as is enjoyed by state and federal legislators. While *Tenney v. Brandhove, supra,* involved only state legislators, the language of the opinion spoke in more general terms. It is apparent from that opinion that it is the legislative function, and not the rank of the legislator, which determines the nature of the immunity to be applied:

"Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. Their privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives." 341 U.S. at 377, 71 S.Ct. at 788.

If indeed there is a rational basis for distinguishing the safeguards necessary to permit local legislators to carry out their legislative duties from those which have been clearly accorded the state legislators, same escapes the Court. The traditional arguments in favor of immunity include "(1) the danger of influencing public officials by threat of a lawsuit; (2) the deterrent effect of potential liability on [persons] who are considering entering public life; (3) the drain on the valuable time of the official caused by insubstantial suits; (4) the unfairness of subjecting officials to liability for the acts of their subordinates; (5) the theory that the official owes a duty to the public and not to the individual; and (6) the feeling that the ballot and the formal removal proceeding are more appropriate ways to enforce honesty and efficiency of public officers." Note, 66 Harv.L.Rev. 1285, 1295 n. 54 (1953).[2] These considerations apply with particular force to local legislators making zoning decisions which are frequently controversial because of their obvious effects upon property interests. If only qualified immunity applied, such local legislative activity might well elicit the very kind of intimidation and harassment which the Supreme Court has concluded warrants a rule of absolute immunity.

Since it is clear that the defendant member of the Board was acting within the scope of legitimate legislative activity when he voted on the new zoning ordinance, no

2. *Cited in Bauers v. Heisel,* 361 F.2d 581, 590 n. 9 (3d Cir. 1966); *Shellburne, supra,* at 244 n. 9.

liability can be imposed upon him under Section 1983. His motion to dismiss is, in the Court's view, well taken.

An appropriate order will issue.