**KINDERHILL FARM BREEDING ASSOCIATES, Plaintiff,**

v.

**John APPEL, Alexander Vazac, Jr. and Richard F. Lobdell, Defendants.**

**No. 77 Civ. 5472 (WCC).**

United States District Court, S. D. New York.

April 21, 1978.

Spengler, Carlson, Gubar, Churchill & Brodsky, New York City, for plaintiff; Robert S. Carlson, New York City, of counsel.

Connor, Curran, Connor, Flint & Schram, Chatham, N. Y., for defendants; Theodore Guterman II, Chatham, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge:

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, a New York limited partnership, operates a commercial horse farm in the Town of Chatham, New York; defendants are members of the Town Board of Chatham. In 1975 defendants—who constitute a majority of the Town Board—voted to deny plaintiff a mobile home license, which action plaintiff claims was arbitrary, capricious and malicious and therefore a denial of its rights, privileges and immunities, including its right to due process and equal protection under the Constitution of the United States. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted, F.R. Civ.P. 12(b)(6), on the ground that defendants, as members of the Town Board, perform a legislative function and therefore enjoy absolute immunity from suit, regardless of their motives, under *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).[1]

In *Tenney*, the Supreme Court held that the Civil Rights Act did not eliminate the pre-existing absolute immunity enjoyed by legislators for acts performed within the scope of and during the course of their official duties. Legislators are protected, however, only when "acting in the sphere of legitimate legislative activity," *Tenney v. Brandhove, supra* at 376, 71 S.Ct. at 788. The Court recognized that a lawmaker may perform acts in his official capacity that are not legislative in nature, emphasizing that "[t]his Court has not hesitated to sustain the rights of private individuals when it found that Congress was acting outside its legislative role." *Tenney v. Brandhove, supra* at 377, 71 S.Ct. at 788; *Doe v. McMil-lan*, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973); *Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Davis v. Passman*, 544 F.2d 865, 877–78 (5th Cir. 1977).

Plaintiff argues that under New York law town boards are given a wide range of executive and administrative, as well as legislative duties, and that the ordinance pursuant to which defendants acted creates what are "typically executive or administrative duties." Thus plaintiff contends that defendants enjoy only a qualified immunity under § 1983. See *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The ordinance in question provides in pertinent part:

"8.33 [T]he Town Building Inspector shall review the application's compliance with the provisions of this ordinance and the requirements of the Columbia County Department of Health. The Town Building Inspector shall then transmit the application, along with his written findings, to the Town Board.

"8.34 The Town Board shall receive the application and the findings of the Town Building Inspector, and by resolution indicate its approval or disapproval.

"8.35 The Town Clerk shall notify the applicant of the decision of the Town Board and the Town Building Inspector shall issue a license to the applicant if the application was approved.

"8.36 If the application was disapproved the applicant shall have the right to appear before the Town Board for a hearing."

---

1. Federal courts are not wholly in agreement on whether the absolute immunity preserved by *Tenney* for state legislators extends to local officials. Some have held that municipal or county legislators are entitled only to qualified immunity, *e. g., Nelson v. Knox*, 256 F.2d 312 (6th Cir. 1958); *Cobb v. City of Malden*, 202 F.2d 701, 706 (1st Cir. 1953); *Ka-Haar, Inc. v. Huck*, 345 F.Supp. 54 (E.D.Wis.1972); *Parine v.*  *Levine*, 274 F.Supp. 268, 269 (E.D.Mich.1967). Others have held that such officials are absolutely protected when engaged in legislative functions, *e. g., Shellburne, Inc. v. New Castle Co.*, 293 F.Supp. 237 (D.Del.1968). Since the Court finds that defendants were not acting within the sphere of legislative activity, it is unnecessary to address the extension of absolute immunity to local lawmakers.

Plaintiff finds support for the distinction between administrative and legislative functions and for its characterization of the denial of a license as an "administrative" act primarily in New York case law relating to judicial review of official action under Article 78 of the C.P.L.R. Since legislative enactments are not reviewable under Article 78, the question of whether town board members have acted in a legislative or administrative capacity often arises in the context of such a proceeding. New York courts have consistently held that the grant or denial of a permit is a reviewable administrative function. *Rothstein v. County Operating Corp.*, 6 N.Y.2d 728, 185 N.Y.S.2d 813, 158 N.E.2d 507 (1959); *Lerner v. Young*, 286 App.Div. 1109, 146 N.Y.S.2d 284 (1955); *Cardon v. Cromarty*, 221 N.Y.S.2d 924 (Sup.Ct. Suffolk Co. 1961); *Bar Harbour Shopping Center, Inc. v. Andrews*, 23 Misc.2d 894, 196 N.Y.S.2d 856, 873–74 (Sup.Ct. Nassau Co. 1959); *Copp v. Mead*, 194 N.Y.S.2d 144, 146 (Sup.Ct. Westchester Co. 1956).

Only a handful of federal courts have developed a distinction between legislative and non-legislative activity in defining the liability of municipal officials.

In *Shellburne, Inc. v. New Castle County*, 293 F.Supp. 237 (D.Del.1968), the court held that the enactment of zoning regulations was a legislative act for which members of a county council enjoyed absolute immunity. A similar result was reached in *Shannon Fredericksburg Motor Inn v. Hicks*, 434 F.Supp. 803 (E.D.Va.1977) (Board of Supervisors vote on zoning ordinance); see also *Athanson v. Grasso*, 411 F.Supp. 1153, 1160 (D.Conn.1976).

On the other hand, at least two federal courts have held that the denial of a license or permit by a local governing body is not legislative activity. In *Hornsby v. Allen*, 326 F.2d 605, 608–09 (5th Cir. 1964), the court reversed the district court's dismissal of a suit against the mayor and aldermen of Atlanta for the allegedly arbitrary and discriminatory denial of a retail liquor license, distinguishing between the legislative function of prescribing the standards to be met in obtaining a license and a determination that the applicant has satisfactorily complied with prescribed standards. In *Adler v. Lynch*, 415 F.Supp. 705 (D.Neb.1976), the court held that the denial of a zoning variance by members of a county board of commissioners was

> "distinguishable from the type of judgment and discretion exercised by . . . legislators who enjoy absolute immunity under § 1983 because they must conceive public policy from the myriad policy options open to the sovereign, . . . and similar in significant respect to the type of discretion exercised by executive officials who have a more limited jurisdiction, and, must confine their discretion to matters which are more or less specifically defined within the state's public policy." *Adler v. Lynch, supra* at 712.

Accordingly the court found that the commissioners in that case were "immune only if they have conducted themselves reasonably and in good faith under the circumstances of the case." *Adler v. Lynch, supra* at 713. See *Jacobson v. Tahoe Regional Planning Agency*, 558 F.Supp. 928, 943 (9th Cir. 1977) (distinguishing between adoption of ordinance as exercise of legislative power and enforcement of ordinance as exercise of executive power). The Court has found no federal case holding the grant or denial of a permit to be legislative activity entitled to absolute protection under *Tenney.*

■ This Court holds that defendants' actions in denying the mobile home license sought by plaintiff were administrative or executive rather than legislative in character. In granting or denying such permits the Town Board engages in the application of an existing statutory scheme rather than the deliberative and communicative processes necessary to the formulation, consideration and enactment of legislation that *Tenney* sought to protect. Defendants are therefore entitled only to the qualified "good faith" immunity accorded government officials under *Wood v. Strickland, supra.* Since plaintiff alleges that defendants acted maliciously and in bad faith, it has stated a claim under § 1983, and defendants' motion to dismiss must be denied.

SO ORDERED.