Gary L. MAYBEE and Marianne J. Maybee, Plaintiffs,

v.

TOWN OF NEWFIELD, James Drader, Jr., Individually and as Newfield Town Supervisor; Charles Berggren, Individually and as Newfield Town Councilman; Frederick R. Kippola, Individually and as Newfield Town Councilman; Everd Lampila, Individually and as Newfield Town Councilman; David S. Palmer, Individually and as Newfield Town Councilman; Edward Hughes, Individually and as Newfield Town Code Enforcement Officer, Defendants.

No. 91–CV–642.

United States District Court, N.D. New York.

April 6, 1992.

Benjamin F.L. Darden & Associates, Ithaca, N.Y., (Benjamin F.L. Darden, of counsel), for plaintiffs.

Treman & Clynes Office of Harris Beach & Wilcox, Ithaca, N.Y., (Edward C. Hooks, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

Plaintiffs commenced this action in early July, 1991. They contend that the Town of Newfield, through its Supervisor, Town Council, and Code Enforcement Officer violated their procedural and substantive due process rights guaranteed to them by the Fourteenth Amendment. Accordingly, plaintiffs claim that this court has jurisdiction to hear this case pursuant to 42 U.S.C. section 1983.

Defendants now move for summary judgment dismissing the complaint on the grounds that it fails to state a cognizable cause of action against them. The individual members of the Town Council and the Town Supervisor allege that they are absolutely immune from suit because plaintiffs' allegations against them concern their legislative duties. *See* Defendants' Memorandum of Law at 7. Defendant Hughes, the Town Code Enforcement Officer, contends that he is entitled to qualified immunity because he performed his duties in good faith and with the reasonable belief that he acted within constitutional and statutory bounds. *See* Defendants' Memorandum of Law at 7. In addition, defendants move for sanctions pursuant to Fed.R.Civ.P. 11.

### BACKGROUND

Plaintiffs own property within the Town of Newfield ("Town") on which they operate "Maybee's Hillside Oaks Mobile Home Park." Originally, they intended to have 20 mobile homes in this park. Prior to the enactment of Local Laws Nos. 2 and 3 (hereinafter jointly referred to as the "MHP Law"), the laws at issue here, plaintiffs began to construct the infrastructure of the park, including the water system, roads, drainage system and nine mobile homes. *See* Plaintiffs' Complaint at ¶ 11. On July 26, 1989, and August 23, 1989, the Town adopted the MHP Law. Local Law No. 2 was entitled "Mobile Home Park Regulation and Licensing Local Law of the Town of Newfield." Local Law No. 3 was an amendment to this law. *See* Defendants' Exhibits C and D.

According to plaintiffs, the MHP Law imposed new, additional, more burdensome, and more expensive requirements for mobile home parks than had previously existed. *See* Plaintiffs' Complaint at ¶ 12. Furthermore, plaintiffs allege that because they commenced development of their mobile home park prior to enactment of the MHP Law they possess a vested prior nonconforming use protected by both the State and Federal Constitutions. *See* Plaintiffs' Complaint at ¶ 13. As such, plaintiffs claim that their right to complete and operate their mobile home park in a manner consistent with the law as it existed prior to the enactment of the MHP Law is a protected property interest within the

meaning of the due process clause of the Fourteenth Amendment. *See id.*

On February 13, 1990, the Town Council and the Supervisor held a hearing on the issue of whether to grant plaintiffs a license to operate a mobile home park under the MHP Law. *See* Plaintiffs' Complaint at ¶¶ 15, 16. Plaintiffs claim that the Town Council heard no one, including plaintiffs, speak at this meeting. Rather plaintiffs contend that the Town Council issued a written decision on March 30, 1990, which allowed plaintiffs to operate the park only if they met numerous additional requirements:

> Licensee shall construct, operate and maintain premises in compliance with all requirements of Local Law No. 2 for 1989, as amended, including doing work necessary with respect to, but not limited to, roadways, trash removal areas, lighting, parking and driveways, deck and patio requirements, shed location and type, landscaping requirements, tank location and cover and all other conditions set forth below....

*See* Plaintiffs' Complaint at ¶ 15 and Exhibit J.

Plaintiffs allege that as a result of these new requirements, they have been unable to complete development of their mobile home park. They contend that defendants' actions in requiring plaintiffs to conform to the MHP Law are arbitrary, capricious and unreasonable and have deprived plaintiffs of the use of their property without due process of law. *See* Plaintiffs' Complaint at ¶ 18. In addition, plaintiffs contend that the actions of the Town Code Enforcement Officer, Mr. Hughes, in issuing appearance tickets to plaintiffs for their failure to abide by the MHP Law are arbitrary and capricious and an abuse of process in violation of their procedural and substantive due process rights. *See* Plaintiffs' Complaint at ¶ 28.

## DISCUSSION

### A. *Plaintiffs' Federal Due Process Claims*

Section 1983 reads in pertinent part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C.A. § 1983 (West 1981).

In order to state a cause of action under section 1983, plaintiffs must meet a two-part test. First, they must establish that defendants are persons acting under color of state law. Second, they must demonstrate that the conduct complained of deprived plaintiffs of rights, privileges or immunities secured by the Constitution or the laws of the United States. *See Dean Tarry Corp. v. Friedlander,* 650 F.Supp. 1544 (S.D.N.Y.), *aff'd,* 826 F.2d 210 (2d Cir.1987).

In this case, the parties do not dispute the fact that defendants are persons acting under color of state law. Rather, the crux of this dispute involves plaintiffs' contention that defendants' conduct deprived plaintiffs of their procedural and substantive due process rights secured by the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment states in pertinent part that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. In this regard, plaintiffs claim to have two constitutionally protected property interests: (1) a vested nonconforming use and (2) a property interest in issuance of a variance from the MHP Law's licensing requirements. The court will discuss each of these alleged protected property interests *seriatim.*

### 1. *Vested Nonconforming Use*

The concept of a prior nonconforming use is only relevant if there is a zoning regulation which prohibits such use. Therefore, in order to find that plaintiffs possess a vested nonconforming use protected by the Fourteenth Amendment, the court must conclude as a preliminary mat-

ter that the MHP Law is a zoning ordinance. If, on the other hand, as defendants contend, the MHP Law is merely a valid exercise of the Town's police powers to protect the health, safety and welfare of the residents of mobile home parks within the Town, plaintiffs' use of their property cannot serve as a basis for establishing a constitutionally protected property interest. *See* Defendants' Memorandum of Law at 12.

 In their memorandum of law, defendants state that the Town promulgated the MHP Law in accordance with New York Town Law section 130(11) and (21).[1] The MHP Law states that its purpose is "[t]o promote the health, safety, and general welfare of the residents of the Town of Newfield, by the proper regulation and licensing of mobile home parks to provide for a clean, safe, healthy and wholesome environment and living conditions within mobile home parks for the residents thereof." Town of Newfield, N.Y., Local Law No. 2, subsection 1.3 (1989). Consistent with this purpose, the MHP Law requires that mobile home park operators meet certain health and safety standards concern-

ing, among other things, roads, driveways, ground cover, lighting, solid waste disposal, water and sewer, electric power and telephone and television service. *See* Town of Newfield, N.Y., Local Law No. 2 (1989). On the other hand, the MHP Law does not regulate where in the Town a mobile home park may be operated. It only requires that a person wishing to operate such a park first obtain a license to do so from the Town.

In *Town of Islip v. Zalak*, 165 A.D.2d 83, 566 N.Y.S.2d 306 (2d Dep't 1991), one of the issues before the court was whether a particular law that required a certain minimum lot size was a zoning regulation. The court concluded that such a requirement, without more, does not "transform the local law under review into one governed by Town Law article 16 (Town Law §§ 261, *et seq.*) where it is clear from a reading of the local law as a whole that it is intended to regulate a particular occupation, rather than to regulate the general uses of land." *Id.* 566 N.Y.S. at 309–10. The court went on to say that "[t]he local law is not a zoning ordinance; it does not involve a comprehensive or master plan for dividing

---

**1.** New York Town Law section 130(11) states in pertinent part that a town board may enact, amend, and repeal ordinances for the following purposes:

> Peace, good order and safety. Preserving the public peace and good order; preventing and suppressing vice, immorality, disorderly and gambling houses and houses of ill-fame, riots and tumultuous assemblages, unnecessary crowds upon the streets, or in doorways or stairways adjacent thereto, or loitering about such places, preventing unreasonably loud or disturbing noises, determined by the board to be of a character, intensity or duration as to be detrimental to the peace, welfare or good order of the people, ...

N.Y. Town Law § 130(11) (McKinney 1987).

After reviewing New York Town Law section 130(11), the court fails to see how it can serve as the basis for the enactment of the MHP Law. Moreover, despite defendants' statement otherwise, Subsection 1.2 of Local Law No. 2 specifically states that "[t]his local law is adopted under the authority of Section 130, Subdivision 6, of the Town Law of the State of New York." The court has reviewed New York Town Law section 130(6) and has discovered that it deals with "*public dump and dumping grounds*," not mobile home parks. Thus, it does not appear that this subsection could serve as authority for the passage of the MHP Law. On the other

hand, New York Town Law section 130(21) does appear to provide the Town with the authority to enact the MHP Law. This subsection states in pertinent part that a town board may enact, amend and repeal ordinances for the following purposes:

> House trailer camps, tourist camps and house trailers. Regulating house trailer camps, tourist camps or similar establishments; requiring approval of suitable plans for house trailer camps and tourist camps and prescribing regulations therefor including provision for sewer connection, water supply, toilets, bathing facilities, garbage removal, registration of occupants, inspection of camps. The town board may either adopt the provisions of the sanitary code established by the public health council or may formulate other rules and regulations relating to house trailer camps, tourist camps or similar establishments not inconsistent with the provisions of such state sanitary code....

N.Y. Town Law § 130(21) (McKinney 1987). Therefore, despite the fact that the MHP law cites the wrong subsection of the New York Town Law as a basis for its adoption, the court concludes that subsection 21 provides the Town Board with the authority to enact the ordinance at issue in this case.

the community into zones where specified uses are permitted, but rather is directed at one particular activity no matter where in the town it is carried out." *Id.* at 310 (quoting *Niagara Recycling Inc. v. Town of Niagara*, 83 A.D.2d 316, 324 n. 2, 443 N.Y.S.2d 939, 945 n. 2 (4th Dep't 1981)).

Similarly to the ordinances at issue in *Zalak* and *Niagara Recycling*, the MHP Law does not limit the possible locations for mobile home parks within the Town. Instead, it is concerned with regulating the operation of these parks wherever they are located. Hence, the MHP Law is not a zoning ordinance. Rather it is an ordinance which the Town has enacted to protect the health and well-being of its citizens. As such the MHP Law is a valid exercise of the Town's police power. Accordingly, plaintiffs' reliance on a "vested nonconforming use" as a basis for their protected property interest is misplaced and does not support their contention that they have been deprived of their property without due process of law.

### 2. Property Interest in a Variance

As a second basis for their federal due process claim, plaintiffs allege that they have a property interest in the issuance of a variance from the licensing requirements of the MHP Law. In order to have such a protected property interest, plaintiffs must demonstrate their entitlement to the variance they seek. The Second Circuit first articulated its test to determine whether an applicant has an entitlement to a license or variance in *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54 (2d Cir.1985). In that case, the court stated that whether an applicant has a legitimate claim of entitlement which would provide the basis for a federal claim depends on

> [w]hether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted. Otherwise the application would amount to a mere unilateral expectancy not rising to the level of a property right guaranteed

against deprivation by the Fourteenth Amendment.

*Id.* at 59.

The Second Circuit further refined this test in *RRI Realty Corp. v. Incorporated Village of Southampton*, 870 F.2d 911 (2d Cir.), *cert. denied*, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989). In that case the court stated that the entitlement analysis must focus primarily on the degree of official discretion and not on the estimated probability that the authority would act favorably in a particular case. *Id.* at 918. The court explained that by focusing on the authority of the local regulator the entitlement test permits the court to reject some federal due process claims without awaiting exploration of whether the regulator acted so arbitrarily as to offend substantive due process in a particular case. *Id.* In addition, the court went on to say that "even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest." *Id.* Consequently, the court concluded that the fact that a permit could be denied on nonarbitrary grounds defeats a federal due process claim. *Id.*

In this case, the MHP Law provides that it is within the sole discretion of the Town Council to decide whether or not to grant a variance from its licensing requirements. Subsection 12.1 states that

> [w]here there are practical difficulties, unusual circumstances, or design innovations involved, the Town Board *may* grant variances from any of the provisions and regulations of this local law except those related to Health Department, Department of Environmental Conservation and building code requirements. There shall be no right to a variance, the *issuance of which shall be solely within the discretion of the Town Board.*

Town of Newfield, N.Y., Local Law No. 2, subsection 12.1 (1989) (emphasis added).

Given the Town Council's absolute discretion to issue variances, it cannot be said

that plaintiffs have an entitlement to such a variance. At most they have a unilateral expectancy which does not constitute a protected property interest. *See Yale Auto Parts*, 758 F.2d at 59. This being the case, it is irrelevant whether the Town Board acted arbitrarily and capriciously in denying plaintiffs' request. *See RRI Realty*, 870 F.2d at 918. In addition, because plaintiffs have no protected property interest in the variance, the Town Council's decision-making process is insulated from federal procedural due process attacks, even if, as plaintiffs allege, the Town officials engaged in egregious and politically-influenced procedural irregularities. *See Yale Auto Parts*, 758 F.2d at 58. Accordingly, the court concludes that plaintiffs have failed to establish a protected property interest in the issuance of a variance from the MHP Law's licensing requirements. As a result they cannot maintain a cause of action against the Town and its officials pursuant to section 1983 on the basis that the Town's denial of the variance violated their due process rights.

### B. Defendants' Immunity Defenses

■ The Town Supervisor and the Town Council members base their request for summary judgment on the doctrine of absolute immunity. In this regard, they depict plaintiffs' claims against them in terms of their legislative act of promulgating the MHP Law. After reviewing plaintiffs' complaint in its entirety, the court disagrees with this characterization. Paragraph 21 of the complaint reads as follows:

Defendant Town of Newfield, through the actions of the individual defendant Supervisor of the Town of Newfield, members of the Newfield Town Council, and defendant Edward Hughes, Code Enforcement Officer, acting under color of law, *implemented and/or executed unconstitutional policies, statements, ordinances, regulations and/or decisions* officially adopted and or promulgated by the Town of Newfield and/or its Council and Supervisor and Code Enforcement Officer, by refusing to recognize the validity of plaintiffs' vested prior nonconforming use and by refusing to recog-

nize, or even to take into consideration, the economic hardship caused both by such lack of recognition and by the denial of a variance.

*See* Plaintiffs' Complaint at ¶ 21 (emphasis added).

Given this language, the court concludes that plaintiffs' claims against the Town Supervisor and the Town Council members pertain to defendants' application of the MHP Law to plaintiffs, not to their enactment of the ordinance. Accordingly, they are entitled only to qualified immunity. *See Kinderhill Farm Breeding Assocs. v. Appel*, 450 F.Supp. 134, 136 (S.D.N.Y.1978) (when Town Board engages in application of existing statutory scheme, its actions are not legislative but administrative entitling Town Board members to only qualified immunity); *see also Altaire Builders, Inc. v. Village of Horseheads*, 551 F.Supp. 1066 (W.D.N.Y.1982). For the same reason, the Town's Code Enforcement Officer, Mr. Hughes, may raise this defense with respect to his conduct in enforcing the MHP Law.

■ Having concluded that the doctrine of qualified immunity applies to these defendants, the court now must determine whether defendants are entitled to the protection of this defense under the circumstances of this case. In order for a government official performing a discretionary function to be entitled to qualified immunity, his conduct must not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Natale v. Town of Ridgefield*, 927 F.2d 101, 104 (2d Cir.1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982)). In other words, "[w]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Cartier v. Lussier*, 955 F.2d 841, 843 (2d Cir.1992) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523, 530 (1987) (citing in turn *Harlow v. Fitzgerald*,

457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396, 410 (1982))).

■ In the present case, the court has determined that plaintiffs do not possess a constitutionally protected property interest in the issuance of a variance from the MHP Law's licensing requirements. As such, the Town Council members' and the Town Supervisor's denial of plaintiffs' request for a variance does not violate any clearly established constitutional or statutory right. Therefore, the court concludes that the Town Supervisor and the Town Council members are entitled to the protection of qualified immunity with respect to their application of the MHP Law to plaintiffs. Accordingly, the court grants the Town Council members' and the Town Supervisor's motion for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds of qualified immunity.

■ Likewise, because plaintiffs have no right to continue to operate their trailer park in violation of the MHP Law's licensing requirements absent a variance, Mr. Hughes' conduct in issuing appearance tickets to plaintiffs for such violations does not encroach upon any of plaintiffs' constitutional or statutory rights. In fact, subsection 10.1 of the MHP Law specifically provides that "[t]he Enforcement Officer shall have the authority to issue appearance tickets returnable in the Town Justice Court with respect to any violation herein without specific direction of the Town Board." Town of Newfield, N.Y., Local Law No. 2, subsection 10.1 (1989). Therefore, the court concludes that Mr. Hughes is entitled to the protection of qualified immunity because he reasonably believed that he was acting lawfully when he issued these appearance tickets. Accordingly, the court grants his motion for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds of qualified immunity.

### C. Plaintiffs' State Causes of Action

■ In addition to their federal cause of action, plaintiffs assert violations of their state constitutional rights. The court need not spend much time discussing these state claims. The only basis for this court's jurisdiction over such claims is the doctrine of supplemental jurisdiction. Having dismissed plaintiffs' federal cause of action, it is within the court's discretion to decline to exercise its jurisdiction over their state constitutional claims. 28 U.S.C. § 1367(c)(3); see also Castellano v. Board of Trustees, 937 F.2d 752, 758 (2d Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991); Powell v. Gardner, 891 F.2d 1039 (2d Cir.1989). Accordingly, the court declines to exercise its supplemental jurisdiction over these claims and dismisses them pursuant to 28 U.S.C. section 1367(c)(3).

### D. Defendants' Motion for Rule 11 Sanctions

■ Keeping in mind that plaintiffs at times have appeared pro se in this action and giving them the benefit of the doubt as to their intentions, the court denies defendants' motion for Rule 11 sanctions without prejudice. However, plaintiffs are advised that this court cannot, and will not, tolerate frivolous suits. If plaintiffs disregard this advice, they are forewarned that the court will entertain, and grant, defendants' motion for Rule 11 sanctions without hesitation.

### CONCLUSION

Plaintiffs have failed to establish that they have a protected property interest in either a nonconforming use or the issuance of a variance from the MHP Law's licensing requirements. Consequently, they cannot maintain a section 1983 cause of action against the Town of Newfield and its officials based on a claim that their Fourteenth Amendment due process rights have been violated. In addition, the court concludes that it was reasonable for the Town Supervisor, the Town Council members, and the Code Enforcement Officer to believe that their application of the MHP Law to plaintiffs was within constitutional and statutory bounds. Therefore, they are entitled to the protection of the qualified immunity defense with respect to their official actions toward plaintiffs. Accordingly, the court grants defendants' motion for summary judgment pursuant to Fed.R.Civ.P.

56. Furthermore, having disposed of plaintiffs' federal cause of action, the court declines to exercise its supplemental jurisdiction over plaintiffs' state claims and dismisses them pursuant to 28 U.S.C. section 1367.

Finally, the court denies defendants' motion for Rule 11 sanctions without prejudice and with leave to renew should plaintiffs fail to heed the court's advice with respect to this issue.

IT IS SO ORDERED.