**Tom BOREK, Plaintiff,**

v.

**TOWN OF McLEANSBORO, and John Engel, Supervisor and Trustee of the Town of McLeansboro, Defendants.**

Civ. No. 85–4087.

United States District Court,
S.D. Illinois,
Benton Division.

May 24, 1985.

Samuel H. Liberman, Clayton, Mo., for plaintiff.

Elmer Jenkins, Benton, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendants' Motion to Dismiss. Plaintiff, an attorney representing several residents of the Town of McLeansboro, has alleged that he contacted defendant Engle, Town Supervisor, for the purpose of determining the rules, procedures, and standards used in assessing eligibility for General Assistance. Plaintiff was attempting to discover the basis for denying General Assistance to some of his clients. According to plaintiff, defendant Engle suggested a meeting at the town office. Plaintiff attended the meeting with defendant Engle and several other town officials, but when it appeared that further discussion would be fruitless, plaintiff decided to leave.

Plaintiff alleges that as he attempted to leave, defendant Engle approached him, grabbed him, and hit him from behind on the shoulders, neck, ears, and head, thereby causing plaintiff to suffer cuts, bleeding, lacerations, bruises, contusions, abrasions, humiliation, fear, upset, and lasting emotional injury. Plaintiff alleges that he did not strike back and that none of the town officials came to his assistance or otherwise tried to stop the attack. In his Complaint, plaintiff contends that defendant Engle had discussed his intention to

assault and attack plaintiff with at least one official prior to the meeting.

Defendant Engle then left the town office, and plaintiff attempted to continue to meet with the remaining town officials, but alleges that he could not effectively participate due to the beating he had received. Plaintiff went outside, where he was confronted by defendant Engle. Plaintiff returned to the meeting and eventually called the sheriff, who came and assisted plaintiff in his departure. Defendant Engle was charged and convicted of battery after pleading guilty to the charge.

Plaintiff sets forth two claims for relief, one based on 42 U.S.C. § 1983 and another for assault and battery. Plaintiff requests actual damages against both defendants and punitive damages against defendant Engle. Defendants, in their Motion to Dismiss, argue that plaintiff's claim is not actionable under § 1983, that the defendants did not act under color of state law, and that punitive damages are not recoverable against the town. For purposes of defendants' Motion, all of plaintiff's allegations must be taken as true. *Hampton v. City of Chicago*, 484 F.2d 602, 606 (7th Cir.1973). A complaint should not be dismissed for failure to state a claim unless "plaintiff can prove no set of facts in support of his claim" that would entitle him to relief. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Although defendants do not refer to *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), they are nonetheless correct in their assertion that it would inappropriate to assess punitive damages against the Town of McLeansboro. However, plaintiff's Complaint requests punitive relief only as against defendant Engle, and not the town. Thus, the Court need not further discuss this issue.

■ Defendants' contention that a tort committed under color of state law does not present an actionable 42 U.S.C. § 1983 claim under any circumstances must be rejected. The Seventh Circuit, while recognizing that not every tort committed under color of state law is actionable in federal court, has repeatedly refused to hold that the mere existence of a state tort remedy precludes a § 1983 claim for constitutional violations arising out of the same circumstances. For example, in *Jackson v. City of Joliet*, 715 F.2d 1200 (7th Cir.1983), it was recognized that § 1983 would impose liability on police and fire department officials who committed an intentional tort if the officials acted "under color of, but contrary to, state law." *Id.*, at 1204. In *Jackson*, the Seventh Circuit held that the ineffective assistance of state officials at the scene of an accident did not entail a deprivation of life without due process of law, and the § 1983 claim was therefore dismissed. According to the Court, this case was distinguishable from *White v. Rochford*, 592 F.2d 381 (7th Cir.1979), *Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980), and *Spence v. Staras*, 507 F.2d 554 (7th Cir.1974), where inaction on the part of state officials presented viable § 1983 claims because the state had deliberately placed the plaintiffs in danger. *Jackson*, 715 F.2d at 1204.

In *Bart v. Telford*, 677 F.2d 622 (7th Cir.1982), plaintiff claimed that her right to free speech had been violated when she was subjected to harassment after having run for a public office. The Court considered this to be an actionable § 1983 claim even though it recognized that the effect of the harassment on her freedom of speech may be small. The Court expressly noted that "Section 1983 is a tort statute." *Id.*, at 625. Certainly, the act of inviting an attorney to an official meeting regarding official business and conducted in the town office by town officials, and then battering the attorney, would present an even stronger case for a § 1983 claim than the relatively minor harassment that occurred in *Bart*.

The often referenced opinion of the United States Supreme Court in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), held that state post-dep-

rivation remedies were adequate to provide due process to an inmate who had suffered the loss of a hobby kit through the negligence of officials acting under color of state law. The Court set forth the two essential elements of a § 1983 action: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*, at 535, 101 S.Ct. at 1912. Justice Blackmun expressly noted that where a case concerned deprivation of life or liberty, as opposed to the negligent deprivation of property, "the mere availability of a subsequent tort remedy ... might well not provide the due process of which the Fourteenth Amendment speaks." *Id.*, at 546–47, 101 S.Ct. at 1918–19. Indeed, in a later case the Supreme Court recognized that a tort suit alone may not vindicate violations of constitutional rights. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436–37, 102 S.Ct. 1148, 1158–59, 71 L.Ed.2d 265 (1982). *See also, Brown v. Brienen*, 722 F.2d 360, 365 (7th Cir.1983).

Seventh Circuit cases directly applying the analysis in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), have distinguished procedural due process claims such as that made in *Parratt* from substantive constitutional violations. *See, e.g., Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir.1983). Even due process violations may be cognizable under 42 U.S.C. § 1983 "when the challenged conduct was so egregious that it 'shocks the conscience.' *E.g., Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)." *State Bank of St. Charles v. Camic*, 712 F.2d 1140 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 491, 78 L.Ed.2d 686. Although *Koch v. Schneider* held that "the common law tort of misuse of legal procedure, without more, does not rise to the level of a constitutional wrong to be remedied by § 1983," 550 F.Supp. 846, 852 (N.D. Ill.1982), this Court considers that the allegations in plaintiff's Complaint do set forth actions which rise to the level of a constitu-

tional wrong on the part of both defendants.

The Seventh Circuit has previously upheld the distinction "between a common law action for battery and a violation of civil rights to ensure that the plaintiff received full compensation for his injuries." *Freeman v. Franzen*, 695 F.2d 485, 493 (7th Cir.1982). In the context of use of excessive force, a prison guard's liability under § 1983 "is not co-extensive with common law tort liability for battery." *Id.*, at 492 (citations omitted). The same analysis holds true in the context of the excessive use of force in making an arrest. *Spallone v. Village of Roselle*, 584 F.Supp. 1387 (N.D.Ill.1984). If the use of excessive force were actionable in the above-cited cases, certainly the allegations in the instant case state a claim for relief under § 1983.

■ Plaintiff's Complaint adequately alleges that the defendants acted under color of state law. Although defendants do not make the argument that they were acting as individuals and not as state officials, the Court notes an analogy between the instant case and similar cases involving public officials accused of wrongful acts beyond the scope of their authority. For example, in cases involving judicial misconduct, where a judge performs acts not normally performed by a judge, to the extent that these acts are unconstitutional, liability may be imposed under § 1983 without the protection afforded by judicial immunity. *Cf., Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.1980) (judge performed prosecutorial acts); *Harris v. Harvey*, 605 F.2d 330 (7th Cir.1979) (judge undertook a racially motivated campaign to discredit a police officer); *Gregory v. Thompson*, 500 F.2d 59 (9th Cir.1974) (justice of the peace assaulted and battered a citizen in the courtroom).

Regarding the § 1983 claim against defendant Town of McLeansboro, the Court notes that the Seventh Circuit has stated:

... a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility

requirement of section 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent. *Beard v. Mitchell,* 604 F.2d 485, 498–99 (7th Cir.1979); *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir.1971). *See also Wood v. Worachek,* 618 F.2d 1225, 1233 (7th Cir.1980); *Stringer v. Rowe,* 616 F.2d 993, 1000–01 (7th Cir.1980); *Spence v. Staras,* 507 F.2d 554, 557 (7th Cir.1974).

*Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982). *See also, Sulie v. Duckworth,* 583 F.Supp. 995, 999 (N.D.Ind.1984); *Estate of Eklund v. Hardiman,* 580 F.Supp. 410, 412–13 (N.D.Ill.1984). In light of plaintiff's allegations in his Complaint, § 1983 liability may be imposed should plaintiff meet his burden of proof.

Accordingly, defendants' Motion to Dismiss, Strike, or for a More Definite Statement (Document No. 4) is hereby DENIED.

IT IS SO ORDERED.