Tom BOREK, Plaintiff,

v.

The TOWN OF McLEANSBORO, and John Engel, Supervisor and Trustee of the Town of McLeansboro, Defendants.

Civ. No. 85–4087.

United States District Court,
S.D. Illinois,
Benton Division.

March 5, 1986.

Samuel H. Liberman, Clayton, Mo., and Bruce Goldstein, Edwardsville, Ill., for plaintiff.

Elmer Jenkins, Benton, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is the defendants' Motion to Dismiss plaintiff's amended complaint. In reviewing the plaintiff's complaint, all well-pleaded allegations must be taken as true *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984). Dismissal is appropriate only if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.,* quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Upon review of the plaintiff's allegations under this liberal standard, the Court concludes that defendants' Motion has merit.

### I. The Individual Defendants

The Court will not reiterate the factual allegations, as they are set forth elsewhere. *See Borek v. The Town of McLeansboro,* 609 F.Supp. 807 (S.D.Ill.1985). Plaintiff has now filed an amended complaint naming as additional defendants the other town officials who were present at the meeting where plaintiff was assaulted by Defendant John Engle, the town supervisor. (Plaintiff had previously sued only John Engle and the Town of McLeansboro). These defendants and the Town of McLeansboro have moved for dismissal claiming plaintiff has failed to state a claim for relief.

Plaintiff argues that the officers who witnessed the assault are liable because they were present and failed to take action to prevent the assault and that they later refused to cooperate with the police investigating the assault. The Court, however, cannot find that any of the individual defendants had a constitutional duty to intervene so that the town supervisor would be stopped from further assaulting the plaintiff. The only cases in which such a duty has been recognized involve police officers who take no action while fellow

**658**

officers beat up a plaintiff. *See Byrd v. Brishke,* 466 F.2d 6 (7th Cir.1972); *Putman v. Gerloff,* 639 F.2d 415 (8th Cir.1981); *Bruner v. Dunaway,* 684 F.2d 422 (6th Cir.1982). The basis for this duty is found in the nature of their job, which is "to enforce the laws and preserve the peace." *Byrd,* 466 F.2d at 11. Clearly here there is no indication that the other town officials who witnessed the beating had a similar duty imposed by virtue of their office. The fact that they may have refused to cooperate with the police investigation of the assault also cannot serve as a basis for liability. There is simply no causal connection between this non-cooperation and the injuries received by the plaintiff. Thus the Court will grant the individual defendants' request for a dismissal.

## II. The Town of McLeansboro

■ Pursuant to the holding of *Monell v. Department of Social Services, City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a local governmental body can only be liable under § 1983 when " 'a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers' can be *causally* related to the allegedly unconstitutional conduct of the employee." *S. Nahmod, Civil Rights & Civil Liberties Litigation,* at 177 (1979) [hereinafter cited as *Nahmod* ], *quoting Monell,* 436 U.S. at 690. (Emphasis supplied). *Monell* also held that a local governmental body is liable for constitutional deprivations "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell, Id.* In the instant case, the complaint contains no allegations that the plaintiff's injury was the result of a policy or custom adopted by the Town of McLeansboro. Even accepting plaintiff's argument that the governing officials of the town adopted the assault as the Town's policy by virtue of their inaction at the time

of the assault, their failure to accept Engle's resignation, and their failure to cooperate with authorities investigating the assault[1], this policy would have been created *after* the assault which injured the plaintiff. There is simply no cause in fact connection under the facts presently alleged between the plaintiff's injuries and the alleged policy since any such policy came into existence after the assault. *See Nahmod,* § 3.15. Thus, dismissal of the Town of McLeansboro from both Counts is appropriate.[2]

Accordingly, the Court finds as follows: The Motion to Dismiss by the Town of McLeansboro and Defendants Broyles, Allen, Prosise, Reynolds, Jerry Engle, and Henson (Document 30) is hereby GRANTED and the plaintiffs' complaint is DISMISSED as to those defendants; Count I shall remain against Defendant John Engle.

IT IS SO ORDERED.

---

1. The Court would have to engage in a good deal of "reading between the lines" to find such allegation contained in the complaint.

2. Any earlier ruling by the Court to the contrary regarding Count I is hereby overruled.